PEOPLE v MOORE

1. CRIMINAL LAW—MENS REA—PERSUASION.

Mere persuasion by another to commit a crime does not absolve one from responsibility for criminal acts, in the absence of duress or coercion.

2. CRIMINAL LAW—SENTENCE—EXAMINATION OF DEFENDANT.

A criminal defendant's sentence will not be reversed on appeal, even though the trial judge did not comply literally with the statute requiring him to examine the defendant as to the cause of his criminal conduct, where the record indicates that the sentencing judge exercised his discretion properly by considering individual factors, as shown by his use of a presentence report and his listening to defense counsel's argument setting forth the cause of defendant's criminal conduct, and by imposing a sentence within the maximum provided by statute.

Appeal from Macomb, Edward J. Gallagher, J. Submitted Division 2 March 2, 1972, at Lansing. (Docket No. 12487.) Decided April 28, 1972.

Richard D. Moore was convicted, on his plea of guilty, of larceny from the person of another. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George N. Parris,* Prosecuting Attorney, *Thaddeus F. Hamera,* Chief Appellate Lawyer, and *Stephen F. Osinski,* Assistant Prosecuting Attorney, for the people.

*Robert P. Dank,* for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 81 *et seq.*
[2] 21 Am Jur 2d, Criminal Law § 569.

Before: McGREGOR, P. J., and J. H. GILLIS and O'HARA,* JJ.

J. H. GILLIS, J. The defendant, Richard D. Moore, was charged with armed robbery, MCLA 750.529; MSA 28.797. On November 9, 1970, an added count of larceny from the person, MCLA 750.357; MSA 28.589, was filed. On the same date, the defendant, represented by counsel, pled guilty to the added count of larceny from the person. On December 4, 1970, defendant was sentenced to six to ten years.

On appeal, the defendant contends that the trial judge failed to comply with GCR 1963, 785.3(2), in that, before accepting the defendant's guilty plea, he did not, by direct questioning of the defendant, establish defendant's participation in the crime. Defendant further contends that the trial judge failed to comply with the requirements of the indeterminate sentencing statute, MCLA 769.8; MSA 28.1080, in sentencing the defendant.

This case involved the armed robbery of a party store, allegedly committed by defendant and a Michael Sullivan. Before the defendant's plea was accepted, the following colloquy took place between the trial judge and the defendant:

*"The Court:* Did you, in fact, with the cooperation of Mr. Sullivan, perpetrate a robbery at the Lawson's Party Store?

*"The Defendant:* Yes, sir, I did.

*"The Court:* On the 13th of October.

*"Mr. Woodruff [assistant prosecuting attorney]:* The 16th of June, your Honor.

*"The Court:* On the 16th of June?

*"The Defendant:* Yes, sir.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

"*The Court:* Are you pleading guilty because you are guilty?

"*The Defendant:* Right.

\* \* \*

"*Mr. Woodruff:* Since the court has approved the second count, I would like to read that information on the record. I also have prepared the papers for you to sign. 'Richard D. Moore, Jr., late of the City of Mount Clemens, Macomb County, on or about the 16th day of June, 1970, in the City of Mount Clemens did then and there feloniously steal, take and carry away certain personal property, goods or chattels, to-wit: cash money in the approximate amount of one hundred sixty-seven dollars ($167), the property of Lawson's Party Store, from the person of Katherine Kingston, an employee of the Lawson's Party Store.'

"*The Court:* That is in fact what happened?

"*The Defendant:* Yes.

"*Mr. Woodruff:* I don't know if he knew her name, was it a woman he took the money from, a younger woman?

"*The Respondent:* Yes, sir."

That the above-quoted proceeding meets the requirement of "establishing the crime and participation therein of the person pleading guilty as required by *Barrows*", is clear. *People v Rufus Williams,* 386 Mich 277 (1971); *People v Barrows,* 358 Mich 267, 272 (1959); *People v Stearns,* 380 Mich 704, 708 (1968). In fact, defendant does not deny that he participated in the robbery. His theory appears to be that although he physically participated in the robbery, to the extent of donning a nylon stocking over his face and threatening the complainant with a pistol, nevertheless, he committed these acts without the necessary culpable criminal intent. He argues that he was persuaded by Michael Sullivan, an habitual criminal, to assist in the robbery, with the effect that he was nothing more than an unwitting dupe.

Since he did not possess the necessary *mens rea,* so the argument goes, he cannot be said to have participated in the crime so as to be legally responsible therefor. Thus, one of the essential elements of the crime was not established at the taking of the guilty plea, and the conviction should be reversed.

Mere "persuasion" by another does not support an assertion that one's will was overborne so as to absolve one from responsibility for criminal acts. There is no hint of duress or coercion in this case.

Certainly there was no suggestion of such coercion to the judge at the time of the plea, nor were the defendant's responses so equivocating as to warn the judge that he might have reason to suspect the truth of the offered plea. See *People v Stewart,* 10 Mich App 553 (1968).

The defendant's contention on this issue is without merit.

The second issue raised by defendant involves the last sentence of MCLA 769.8; MSA 28.1080. That sentence reads:

"He [the sentencing judge] shall before or at the time of passing such sentence ascertain by examination of such convict on oath, or otherwise, and by such other evidence as can be obtained tending to indicate briefly the causes of the criminal character or conduct of such convict, which facts and such other facts as shall appear to be pertinent in the case, he shall cause to be entered in the minutes of the court."

The defendant alleges error because the judge did not examine the defendant as to the causes of his criminal conduct, at the time of sentencing. This is said to be proof that the judge failed to exercise any discretion in pronouncing sentence. Because the record does not affirmatively indicate the factors which the judge considered in setting

the minimum sentence, defendant urges reversal, upon the authority of *People v Lessard,* 22 Mich App 342 (1970).

At the outset, we note that it is not clear whether the cited statute applies to this defendant. The act by its terms applies "When any person shall hereafter be convicted for the first time of crime * * * ". The record does not indicate whether or not this was defendant's first conviction. Reference is made to his lack of a prior record; subsequently, to his lack of a "serious felony" record; later, to the fact that he was in jail on another conviction during these proceedings. Defendant's brief does not address this question.

Assuming *arguendo* that defendant comes within the purview of the act, we find that any failure by the judge to comply with the literal terms of the quoted sentence did not prejudice the defendant. The *Lessard* case cited by defendant is not applicable; that case questioned the validity of sentences where the minimum term is one day less than the maximum. This Court reversed because the trial judge had very clearly indicated that he was *not* considering individual factors in setting sentences.

In this case, the record does not indicate that the judge failed to exercise the required discretion. On the contrary, he was provided with a presentence probation report, and with an eloquent argument by defense counsel setting forth the alleged cause of defendant's criminal conduct; namely, the overbearing influence of the accomplice, Mr. Sullivan.

That the judge considered these factors, balanced against other considerations, is apparent from his response to counsel's argument: "But unfortunately Mr. Posie and I disagree on the

facts surrounding the incident. I cannot agree with him."

As we noted in the *Lessard* case, *supra,* at p 348:

" * * * both the Michigan Supreme Court and this Court have repeatedly refused to review sentences fixed within the maximum provided by statute[4] * * * .

"[4] See *People v Guillett,* 342 Mich 1 (1955); *People v Pate,* 2 Mich App 66 (1965); *People v Brashaw,* 9 Mich App 128 (1967); *People v Poole,* 7 Mich App 237 (1967)."

The sentence imposed here was within the maximum provided by statute. There is nothing in the record to show that the trial judge failed to consider individual factors in setting the minimum sentence. If there was error in placing on the record less than a full articulation of all the factors considered in sentencing, it was harmless error.

Affirmed.

All concurred.