PEOPLE v BULLOCK

1. CRIMINAL LAW—INSTRUCTIONS TO JURY—INCLUDED OFFENSES—EVIDENCE.

An instruction regarding lesser included offenses is not proper where, on the evidence presented, the factual issues to be resolved by the jury are the same as to both the lesser and greater offenses; in other words, the lesser offense must be included within but not, on the facts of the case, be completely encompassed by the greater, and a lesser included offense instruction is only proper where the charged greater offense requires the jury to find a disputed factual element which is not required for conviction of the lesser included offense.

2. LARCENY—IN A BUILDING—SIMPLE LARCENY—DISCRETION OF LEGISLATURE.

The Legislature has the discretion to distinguish simple larceny and larceny in a building as separate social evils subject to different punishments (MCLA 750.356, 750.360).

3. LARCENY—IN A BUILDING—SIMPLE LARCENY—INCLUDED OFFENSES.

Simple larceny is not an included offense of larceny in a building; the larceny in a building statute contains no mention of the value of property stolen, whereas under the simple larceny statute theft of property valued under $100 is made a misdemeanor and theft of property valued over $100 is made a felony (MCLA 750.356, 750.360).

4. LARCENY—IN A BUILDING—SENTENCE—CONSTITUTIONAL LAW—CRUEL AND UNUSUAL PUNISHMENT.

A sentence of 3-1/2 to 4 years imprisonment after a conviction of

REFERENCES FOR POINTS IN HEADNOTES

[1] 53 Am Jur, Trial §§ 796–802.
Scope and application of rule which permits judge in criminal case to comment on weight or significance of evidence. 113 ALR 1308.
[2] 50 Am Jur 2d, Larceny § 44.
[3] 50 Am Jur 2d, Larceny §§ 44, 45.
[4] 50 Am Jur 2d, Larceny §§ 178, 179.
[5, 6] 5 Am Jur 2d, Appeal and Error § 938.
21 Am Jur 2d, Criminal Law §§ 534, 540.

larceny in a building for stealing four sirloin steaks valued at approximately $11 was not so disproportionate to the crime as to constitute cruel and unusual punishment where the defendant had previously served nine months in prison after his conviction of attempted larceny in a building and one year in jail after his conviction of larceny in a building; in view of defendant's past history the sentence imposed was not cruel and unusual.

5. CRIMINAL LAW—SENTENCE—INDETERMINATE SENTENCE.

A defendant's contention on appeal that his sentence constituted cruel and unusual punishment, even though it may be unconvincing, is sufficient to place at issue the propriety of the minimum of his sentence under the indeterminate sentence act (MCLA 769.8, 769.9).

6. CRIMINAL LAW—SENTENCE—INDETERMINATE SENTENCE.

A sentence which provides for a minimum exceeding two-thirds of the maximum is improper as failing to comply with the indeterminate sentence act (MCLA 769.8, 769.9).

Appeal from Genesee, Philip C. Elliott, J. Submitted Division 2 June 5, 1973, at Lansing. (Docket No. 13289.) Decided August 27, 1973.

Dock Bullock was convicted of larceny in a building. Defendant appeals. Affirmed with sentence modified.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief, Appellate Division, for the people.

*Richard F. Zielinski,* for defendant.

Before: HOLBROOK, P. J., and DANHOF and ADAMS,* JJ.

ADAMS, J. On February 20, 1971, Robert E.

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Speerman, employed by the Sentry Patrol Service, was working at a Hamady Brothers Supermarket in Flint. At about 4 p.m., he received word from a store employee that defendant was in the store. Speerman went to the front of the store and stood near the door. He saw defendant lift his jacket with his left hand and with his right hand hide four steaks between his trousers and shirt.

Defendant left the store without stopping to pay. Speerman followed him outside, called to him twice and, after defendant stopped, detained him. A search revealed four sirloin steaks on defendant's person. Bullock was taken to the manager's office and the police were called.

Defendant was charged with larceny in a building. MCLA 750.360; MSA 28.592. He did not testify at his trial and his attorney did not attempt to defend on the basis of defendant's innocence but rather on the ground that the crime charged was disproportionate to the value of the items stolen.

Defendant's attorney requested the judge to instruct the jury on the offense of simple larceny. MCLA 750.356; MSA 28.588. He argued that the proofs indicated that the value of the items taken was less than $100 and that the jury therefore had a right to decide whether defendant was guilty of larceny in a building or simple larceny. The court declined to give this instruction and instead instructed the jury that the possible verdicts were guilty or not guilty of the crime of larceny in a building. Defendant's attorney renewed his objection. The jury found defendant guilty, and he was sentenced to 3-1/2 to 4 years in prison.

## Issue I

*Did the trial court err by refusing to instruct*

*the jury that the offense of simple larceny was a lesser included offense in the charge of larceny in a building?*

The trial court has a statutory duty to "instruct the jury as to the law applicable to the case". MCLA 768.29; MSA 28.1052. The jury may find a defendant guilty of lesser included offenses. MCLA 768.32; MSA 28.1055.

In *Sansone v United States,* 380 US 343; 85 S Ct 1004; 13 L Ed 2d 882 (1965), the United States Supreme Court discussed the general rules governing the propriety of giving an instruction regarding lesser included offenses. The Court said (380 US 349–350):

"But a lesser-offense charge is not proper where, on the evidence presented, the factual issues to be resolved by the jury are the same as to both the lesser and greater offenses. *Berra v United States* [351 US 131; 76 S Ct 685; 100 L Ed 1013 (1956)]; *Sparf v United States,* 156 US 51, 63–64; 15 S Ct 273, 277–278; 39 L Ed 343, 347–348 (1895). In other words, the lesser offense must be included within but not, on the facts of the case, be completely encompassed by the greater. A lesser-included offense instruction is only proper where the charged greater offense requires the jury to find a disputed factual element which is not required for conviction of the lesser-included offense. *Berra v United States, supra; Sparf v United States, supra,* 156 US at 63–64; 15 S Ct at 277–278; 39 L Ed at 347–348."

See also *People v Patskan,* 387 Mich 701, 713–714; 199 NW2d 458, 463 (1972).

In *People v Jackson,* 29 Mich App 654; 185 NW2d 608 (1971), the defendant was charged with larceny in a building after he stole a jacket worth approximately $56. He argued that he had been charged with the wrong crime because he had actually committed the offense of larceny under

$100 (a misdemeanor), but had been convicted of the felony of larceny in a building contrary to the alleged legislative intent evidenced by establishing larceny under $100 as a misdemeanor. This Court disagreed, pointing out that (p 656) "[t]he decision to charge the defendant with the felony instead of a misdemeanor is in the sound discretion of the prosecuting attorney", and adding *(id.)*:

"It is clearly within the discretion of the legislature to distinguish simple larceny and larceny in a building as separate social evils."

See also *People v Graves,* 31 Mich App 635; 188 NW2d 87 (1971).

While both the larceny in a building statute and the simple larceny statute deal with the offense of larceny, the critical difference between them is that the larceny in a building statute contains no mention of the value of property stolen, whereas under the simple larceny statute theft of property valued under $100 is made a misdemeanor and theft of property valued over $100 is made a felony. In the present case, defendant stresses the fact that the stolen steaks were worth approximately $11. However, the value of the property stolen was not an element of the crime with which defendant was charged. Value would be an additional element which would have to be determined by a jury under the simple larceny statute. *People v Lakin,* 30 Mich App 441; 186 NW2d 867 (1971). Since simple larceny is not an included offense of larceny in a building, the trial court did not err by refusing to give defendant's requested instruction.

## *Issue II*

*Was defendant's sentence of 3-1/2 to 4 years imprisonment improper?*

Defendant contends that the sentence imposed upon him is so disproportionate to the crime as to constitute cruel and unusual punishment contrary to US Const, Am XIV.[1]

At the time of trial, defendant was 27 years old. He had been laid off from his job, was never called back to work, and had been unemployed for more than a year previous to this incident. In 1968 defendant served nine months in prison after his conviction of attempted larceny in a building. He served one year in jail in 1969 after his conviction of larceny in a building.

Defendant's prior criminal record may have influenced the prosecutor's decision to charge him with a felony instead of a misdemeanor. It undoubtedly was a factor which the trial judge considered during sentencing, although the sentencing transcript is devoid of any specific reference thereto.

In sentencing, the court should consider a defendant's individual history and personality, the rehabilitation of the offender, the deterrence of similar behavior in others, and the protection of society. *People v Lorentzen,* 387 Mich 167; 194 NW2d 827 (1972). In view of this defendant's past history, it does not appear that the sentence imposed was cruel and unusual. See *People v Jackson,* 29 Mich App 654; 185 NW2d 608 (1971).

Although defendant's contention that his sentence constitutes "cruel and unusual punishment" is unconvincing, the allegation is sufficient to place at issue the propriety of defendant's minimum sentence in light of *People v Tanner,* 387 Mich 683; 199 NW2d 202 (1972).[2] In *Tanner* the Court

---

[1] Defendant's appellate counsel does not mention US Const, Am VIII or Const 1963, art 1, § 16.

[2] Defendant had been sentenced and his appeal was pending on the date *Tanner* was decided.

held (p 690) "that any sentence which provides for a minimum exceeding two-thirds of the maximum is improper as failing to comply with the indeterminate sentence act". See MCLA 769.8; 769.9; MSA 28.1080, 28.1081. Accordingly, we order defendant's minimum sentence reduced to two years and eight months. GCR 1963, 820.1(7).

Except as modified above, the trial court is affirmed.

All concurred.