PEOPLE v BANKS

Opinion of the Court

1. Criminal Law—Sentences—Minimum Sentences—Maximum Sentences—Indeterminate Sentence Act—Statutes.

A minimum sentence which exceeds two-thirds of the maximum is an improper sentence only where the indeterminate sentence act applies (MCLA 769.8; MSA 28.1080).

2. Criminal Law—Sentences—Indeterminate Sentence Act—Application of Act—Statutes.

The indeterminate sentence act has mandatory application only to those persons convicted for the first time of crime committed after the effective date of the act (MCLA 769.8; MSA 28.1080).

3. Criminal Law—Sentencing—Larceny—Discretion of Trial Judge—Indeterminate Sentence Act—Statutes.

A trial judge in sentencing a defendant after conviction for larceny in a dwelling house, which was the defendant's third conviction, was not bound by the indeterminate sentence act and was free to sentence the defendant as discretion dictated; absent an abuse of discretion the trial court's decision will not be disturbed (MCLA 769.8; MSA 28.1080).

Concurrence in Part, Dissent in Part by M. F. Cavanagh, J.

4. Criminal Law—Sentencing—Indeterminate Sentence Act—Habitual Offender Act—Statutes.

*A sentence in which the minimum exceeded two-thirds of the maximum was improper for a defendant's third conviction and the case should be remanded for resentencing for conformity with the indeterminate sentence act where the defendant was not charged under the habitual offender act (MCLA 769.8, 769.12; MSA 28.1080, 28.1084).*

Appeal from Bay, John X. Theiler, J. Submitted

Reference for Points in Headnotes
[1–4] 21 Am Jur 2d, Criminal Law §§ 540, 581, 592, 614.

December 13, 1976, at Lansing. (Docket No. 23423.)
Decided February 2, 1977.

James E. Banks was convicted of breaking and
entering, and larceny in a dwelling house. Defend-
ant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Eugene C. Penzien,*
Prosecuting Attorney, and *Laurence Ramer,* As-
sistant Prosecuting Attorney, for the people.

*Robert M. Donahue,* for defendant.

Before: J. H. GILLIS, P. J., and M. F. CAVANAGH
and D. E. HOLBROOK, JR., JJ.

D. E. HOLBROOK, JR., J. Defendant was convicted
by a jury of breaking and entering, MCLA 750.110;
MSA 28.305, and larceny in a dwelling house,
MCLA 750.360; MSA 28.592. He was subsequently
sentenced to 3 to 15 years imprisonment on the
breaking and entering charge and 3 to 4 years
imprisonment on the larceny in a dwelling house
charge. At the time of sentencing the trial judge
noted that the defendant had previously been
convicted of another crime for which he received a
sentence of 1-1/2 to 15 years imprisonment. De-
fendant appeals as of right raising two issues, only
one of which warrants extended discussion.

Initially defendant contends that the trial court
erred in giving an aiding and abetting instruction
without sufficient evidence to justify same. This
issue may be summarily dismissed. See *People v
Mann,* 395 Mich 472; 236 NW2d 509 (1975). Lastly,
defendant contends that the court's sentence of 3
to 4 years for the larceny in a dwelling house
conviction violates the indeterminate sentencing

act, MCLA 769.8; MSA 28.1080, and the holding by the Supreme Court in *People v Tanner,* 387 Mich 683, 690; 199 NW2d 202 (1972).

In *Tanner,* the Court at page 690 stated:

"Convinced as we are, that a sentence with too short an interval between minimum and maximum is not indeterminate, we hold that any sentence which provides for a minimum exceeding two-thirds of the maximum is improper *as failing to comply with the indeterminate sentence act."* (Emphasis supplied.)

It is apparent from the foregoing that the Supreme Court limited its holding that a minimum sentence exceeding two-thirds of the maximum is improper applies only to cases to which the indeterminate sentence act applies.

The indeterminate sentence act, MCLA 769.8; MSA 28.1080, reads in part as follows:

"When any person shall hereafter be *convicted for the first time of crime* committed after this act takes effect." (Emphasis supplied.)

Since defendant's conviction for larceny in a dwelling house was defendant's third conviction the court was not bound by the indeterminate sentence act and was free to sentence defendant as its discretion dictated. Absent an abuse of discretion, the trial court's decision will not be disturbed. We find no abuse of discretion and defendant's sentence shall stand.

Affirmed.

J. H. Gillis, P. J., concurred.

M. F. Cavanagh, J. *(concurring in part, dissenting in part).* I concur in the majority's affirmance of the defendant's conviction. However, for the

reasons stated in *People v Redwine,* 73 Mich App 83; 250 NW2d 550 (1976), I would hold that the sentence imposed violates *People v Tanner,* 387 Mich 683; 199 NW2d 202 (1972), and would remand for resentencing.