## PEOPLE v REGINALD HARRIS

1. CRIMINAL LAW—TRIAL—PRESENCE OF DEFENDANT—DISRUPTIVE BE-
   HAVIOR—REMOVAL FROM COURTROOM.

   A defendant can lose his right to be present at trial, if, following
   the judge's warning that he will be removed if his disruptive
   behavior continues, he nevertheless insists on conducting him-
   self in such a disorderly, disruptive and disrespectful manner
   that his trial cannot proceed if he remains in the courtroom.

2. CRIMINAL LAW—TRIAL—PRESENCE OF DEFENDANT—DISRUPTIVE
   CONDUCT—JUDGE'S DISCRETION.

   A trial judge confronted with disruptive, contumacious and stub-
   bornly defiant defendants must be given sufficient discretion to
   meet the circumstances of each case.

3. CRIMINAL LAW—DEFENDANT'S ATTIRE—JAIL CLOTHES—TIMELY OB-
   JECTION.

   Failure to object to a defendant's wearing jail clothing at trial,
   before the jury is empaneled, waives any defects as to defend-
   ant's appearance before the jury.

4. APPEAL AND ERROR—CRIMINAL LAW—DEFENDANT'S ATTIRE—JAIL
   CLOTHES.

   A prisoner who voluntarily chooses to stand trial in jail clothing
   cannot be heard to complain on appeal.

5. CRIMINAL LAW—SENTENCES—INDETERMINATE SENTENCES—STAT-
   UTES.

   A sentence which provides for a minimum exceeding two-thirds of
   the maximum is improper as failing to comply with the inde-
   terminate sentence act (MCLA 769.8; MSA 28.1080).

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law § 271 et seq.
[3, 4] Propriety and prejudicial effect of compelling accused to wear
   prison clothing at jury trial—Federal cases. 26 ALR Fed 535.
[5, 6] 21 Am Jur 2d, Criminal Law §§ 540, 581, 592, 614.
[5] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders
   §§ 29, 30.

6. CRIMINAL LAW—SENTENCES—INDETERMINATE SENTENCES—REPEAT OFFENDERS—HABITUAL CRIMINALS.

The indeterminate sentencing statute does apply to a defendant who is a repeat offender where the defendant was not charged or convicted under the habitual criminal act (MCLA 769.8; MSA 28.1080).

Appeal from Genesee, Ollie B. Bivins, Jr., J. Submitted November 3, 1977, at Grand Rapids. (Docket No. 29373.) Decided December 6, 1977. Leave to appeal applied for.

Reginald Harris was convicted of armed robbery. Defendant appeals. Affirmed with modified sentence.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief, Appellate Division, for the people.

*Peter C. Payette,* for defendant on appeal.

Before: R. M. MAHER, P. J., and M. F. CAVANAGH and N. J. KAUFMAN, JJ.

PER CURIAM. A jury convicted Reginald Harris of armed robbery. MCLA 750.529; MSA 28.797. Sentenced to a term of 40 to 50 years imprisonment, defendant appeals as of right and has filed a motion for peremptory reversal.

Defendant bases his appeal and motion on three issues. He charges that the trial court abused its discretion by ordering him removed from the courtroom during the trial because of his conduct. The issue has no merit.

In *Illinois v Allen,* 397 US 337; 90 S Ct 1057; 25 L Ed 2d 353 (1970), *reh den,* 398 US 915; 90 S Ct 1684; 26 L Ed 2d 80 (1970), the Supreme Court held that a defendant can lose his right to be present at trial if, after he has been warned by the

judge that he will be removed if he continues his disruptive behavior, he nevertheless insists on conducting himself in a manner so disorderly, disruptive and disrespectful of the court, that his trial cannot be carried on with him in the courtroom. The court stated that "trial judges confronted with disruptive, contumacious, stubbornly defiant defendants must be given sufficient discretion to meet the circumstances of each case". 397 US at 343.

An examination of the record in the instant case unfolds a course of conduct during trial nothing short of an affront to the court. Defendant repeatedly interrupted the trial with his willful and disorderly behavior, making it impossible to carry on the proceedings in his presence. The judge warned defendant of the consequences of his actions and gave him the opportunity, after ordering him removed from the courtroom, to reclaim the right to be present on condition that he conduct himself in a manner consistent with the decorum and respect inherent in the concept of courts and judicial proceedings. Defendant chose not to take advantage of the opportunity, maintaining his refractory attitude and acting belligerently. The trial judge acted within the proper scope of discretion in removing defendant from the proceedings.

Defendant also claims he was denied his right to a fair and impartial trial because he was tried in jail clothing. However, to preserve the issue for appellate review, objection must be made before the jury is empaneled. Failure to object in timely fashion waives any defects as to defendant's appearance before the jury. *People v Shaw,* 381 Mich 467; 164 NW2d 7 (1969), *People v Woods,* 32 Mich App 358; 188 NW2d 649 (1971). In the instant case, no objection was made until after the jury was empaneled.

Moreover, according to defendant's trial attorney, he and his client had discussed the matter of clothing. Defendant had told his attorney he owned no civilian clothing and that even if he did, he preferred to wear the clothes in which he was, in fact, tried. A prisoner who voluntarily chooses to stand trial in jail clothing cannot be heard to complain on appeal. *United States v Williams,* 498 F2d 547 (CA 10, 1974), *State v Hall,* 220 Kan 712; 556 P2d 413 (1976). Defendant is barred from claiming error.

Finally, defendant contends that the trial court, by imposing a 40 to 50 year sentence, transgressed the limitations set out by the Supreme Court in *People v Tanner,* 387 Mich 683; 199 NW2d 202 (1972). We agree.

*Tanner* construed the indeterminate sentence statute, MCLA 769.8; MSA 28.1080, which states:

"When any person shall hereafter be convicted for the first time of crime committed after this act takes effect, the punishment for which prescribed by law may be imprisonment in the state prison at Jackson, the Michigan reformatory at Ionia, the state house of correction and branch of the state prison in the upper peninsula, the Detroit House of correction, or any other prison, the court imposing sentence shall not fix a definite term of imprisonment, but shall fix a minimum term except as hereinafter provided. The maximum penalty provided by law shall be the maximum sentence in all cases except as herein provided and shall be stated by the judge in passing sentence. He shall before or at the time of passing such sentence ascertain by examination of such convict on oath, or otherwise, and by such other evidence as can be obtained tending to indicate briefly the causes of the criminal character or conduct of such convict, which facts and such other facts as shall appear to be pertinent in the case, he shall cause to be entered upon the minutes of the court."

The *Tanner* Court held that "any sentence which provides for a minimum exceeding two-thirds of the maximum is improper as failing to comply with the indeterminate sentence act". 387 Mich at 690. Sentences with too short an interval between minimum and maximum frustrate the clear purpose and intended effect of the indeterminate sentence act.

In *People v Bullock,* 48 Mich App 700; 211 NW2d 108 (1973), the *Tanner* two-thirds rule was applied to a repeat offender. Defendant was convicted of larceny in a building. He had two previous convictions but had not been charged as an habitual offender. The Court, without comment as to first or second conviction, reduced the defendant's sentence to comply with the rule in *Tanner.*

A panel of this Court specifically addressed the first conviction issue in *People v Redwine,* 73 Mich App 83; 250 NW2d 550 (1976), and found the indeterminate statute does apply to a defendant who is a repeat offender when he or she has not been charged or convicted under the habitual criminal act.

As *Redwine* observed, *People v Ungurean,* 51 Mich App 262; 214 NW2d 873 (1974), in which the Court held the indeterminate sentence act inapplicable to a person charged under the habitual criminal act, does not control cases in which there is no habitual criminal prosecution. In addition, the Supreme Court has applied the *Tanner* rule to cases in which the defendant had committed prior felonies. See *People v Redwine,* supra, at 84–85 and cases cited therein.

The distinction, implicit in *Redwine,* between one charged or convicted as an habitual offender and one who is simply a repeat offender, accurately reflects the distinction intended in the stat-

ute by the language "convicted for the first time of crime". Such a distinction also preserves the essence of the construction given the statute in *Tanner,* in which the Court concerned itself with the principle of indeterminacy and the need to maintain it through the elimination of severe judicial limitations on sentencing. The regard the Court had for the underlying principle of indeterminacy convinces us that the rule expounded in *Tanner* must be used in the present case.

Defendant's minimum sentence is, therefore, modified to 33-1/3 years pursuant to GCR 1963, 820.1(7). The motion for preremptory reversal is denied.