PEOPLE v MALCHI WHITE

PEOPLE v NEWSON

1. Criminal Law—Appeal and Error—Prosecutors—Remarks—Responding to Defense Counsel.

Remarks of a prosecutor, even if otherwise improper, are not reversibly erroneous where the remarks are induced by and made in response to matters previously discussed by defense counsel.

2. Criminal Law—Assistance of Counsel—Effective Assistance—Trial Strategy—Defendant's Failure to Testify.

A closing argument by a defense attorney wherein he mentioned the defendant's failure to testify did not amount to ineffective assistance of counsel where it appeared that defense counsel used his argument as part of valid trial strategy based on a concern that jurors are often distressed by a defendant's failure to testify.

3. Criminal Law—Sentences—Minimum Sentences—Maximum Sentences—Indeterminate Sentence Act—Statutes.

A minimum sentence which exceeds two-thirds of the maximum is an improper sentence only where the indeterminate sentence act applies (MCLA 769.8; MSA 28.1080).

4. Criminal Law—Sentences—Indeterminate Sentence Act—Application of Act—Statutes.

The indeterminate sentence act has mandatory application only to those persons convicted for the first time; therefore, the rule which requires a minimum sentence not to exceed two-thirds of

References for Points in Headnotes

[1] 75 Am Jur 2d, Trial § 193.

[2] 75 Am Jur 2d, Trial § 240.

[3, 4] 21 Am Jur 2d, Criminal Law §§ 540, 581, 592, 614.

Comment note.—Length of sentence as violation of constitutional provisions prohibiting cruel and unusual punishment. 33 ALR3d 335.

Indeterminate sentence: validity of sentence fixing identical minimum and maximum terms of imprisonment. 29 ALR2d 1344.

[5] 73 Am Jur 2d, Statutes §§ 145, 146.

the maximum sentence where an indeterminate sentence is given does not apply in the sentencing of a defendant with prior felony convictions (MCLA 769.8; MSA 28.1080).

5. STATUTES—STATUTORY CONSTRUCTION—GENERAL RULES.

The general rules of statutory construction require that every word, phrase, clause, and sentence of the provision to be construed must be given force and effect and that no word, phrase, or clause shall be rendered nugatory; it is not to be presumed that the Legislature intended to do a useless thing and if possible every part of a statute must be given effect.

Appeal from Recorder's Court of Detroit, Joseph A. Gillis, J. Submitted November 1, 1977, at Detroit. (Docket Nos. 77-897, 77-990.) Decided February 7, 1978. Leave to appeal applied for.

Malchi White and Glenn Newson were convicted of breaking and entering an unoccupied building with intent to commit larceny therein. Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Anne B. Wetherholt,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendant White on appeal.

*Charles Burke,* for defendant Newson on appeal.

Before: BEASLEY, P. J., and D. E. HOLBROOK, JR. and M. J. KELLY, JJ.

M. J. KELLY, J. Defendants Malchi White and Glenn Newson were convicted of breaking and entering an unoccupied building, with intent to commit larceny therein, by a Detroit Recorder's Court jury after being tried jointly. MCLA 750.110; MSA 28.305. Both defendants were sentenced to

serve nine to ten years in prison. Defendants have appealed as of right and their cases have been consolidated.

Defendant White raises five issues, while defendant Newson raises only one.

Initially, defendant White contends that the prosecutor impermissibly commented on his failure to testify. Defendant immediately objected, but the court gave no cautionary instruction. A review of the record indicates that defendant's counsel initiated remarks in his closing argument about his client's failure to testify. The prosecutor in his rebuttal commented on the defense remarks.

The objectionable rebuttal was in response to the following argument made by defense counsel:

"I didn't see the necessity of putting him [White] on any witness chair and letting the slilled *[sic]* and shrewd prosecutor interrogate him under examination. There is always the possibility under fear and cross-examination that something might come out and might be misunderstood by you ladies and gentlemen of the jury."

Whereupon, the prosecutor in rebuttal noted in part:

"That Mr. Miller [defense counsel] was afraid to put his man on the stand to subject him to my skilled cross-examination and he was afraid something might come out. My only comment is, ladies and gentlemen, had this happened, maybe the truth might come out."

We fail to see what further prejudice was caused defendant White after his own counsel stated that "something might come out and might be misun-

derstood" if White had taken the stand, compared to the prosecutor's remark that "maybe the truth might come out". Both sides speculate.

The jury was well aware that defendant White had not testified. Defense counsel's remarks could be interpreted by a jury as expressing concern that his client would incriminate himself. Of course his intention was to parade the prosecutor's sophistication against defendant's supposed naiveté. The prosecutor's rebuttal did not prejudice defendant White's case. There is no reversible error when the prosecutor's remarks, even if otherwise improper, are "made primarily in response to matters previously discussed by defense counsel". See *People v Pomranky,* 62 Mich App 304, 310–311; 233 NW2d 263 (1975), *lv den,* 397 Mich 823 (1976), *People v Jones,* 75 Mich App 261, 277; 254 NW2d 863 (1977).

Turning the coin defendant White next contends that he was denied effective assistance of counsel because his attorney argued his failure to testify thus canceling his constitutional fifth amendment right to silence. It appears that White's trial counsel used his argument as part of valid trial strategy. There is no merit to defendant's contention that this amounts to ineffective assistance of counsel. See *People v Garcia,* 398 Mich 250, 266; 247 NW2d 547 (1976). Able counsel know that jurors are often distressed by a defendant's failure to testify.

The last issue requiring any discussion is raised by both defendants White and Newson. They assert that their sentences of nine to ten years violate the provisions of the indeterminate sentencing act, MCLA 769.8; MSA 28.1080, and the rule set forth in *People v Tanner,* 387 Mich 683; 199 NW2d 202 (1972).

The indeterminate sentencing act, MCLA 769.8; MSA 28.1080 provides:

"When any person shall hereafter be *convicted for the first time* of crime committed after this act takes effect \* \* .\* the court imposing sentence shall not fix a definite term of imprisonment, but shall fix a minimum term except as hereinafter provided." (Emphasis added.)

In *People v Tanner, supra,* at 690, the Supreme Court established the following rule under this act:

"Convinced as we are, that a sentence with too short an interval between minimum and maximum is not indeterminate, we hold that any sentence which provides for a minimum exceeding two-thirds of the maximum is improper as failing to comply with the indeterminate sentence act."

The sentences in the present case are nine to ten years, clearly contra to the Tanner "two-thirds" rule if it applies. The question is whether the rule applies to the defendants who have previous felony convictions. This is not a new question.

We adopt the following reasoning set forth recently by another panel of this Court in *People v Banks,* 73 Mich App 492, 494; 252 NW2d 501 (1977), wherein the majority stated:

"It is apparent \* \* \* that the Supreme Court [in *People v Tanner*] limited its holding that a minimum sentence exceeding two-thirds of the maximum is improper applies only to cases to which the indeterminate sentence act applies.

"The indeterminate sentence act, MCLA 769.8; MSA 28.1080, reads in part as follows:

" 'When any person shall hereafter be *convicted for the first time of crime* committed after this act takes effect. [The court imposing sentence shall not fix a

definite term of imprisonment but shall fix a minimum term except as hereinafter provided.]' Since defendant's conviction for larceny in a dwelling house was defendant's third conviction the court was not bound by the indeterminate sentence act and was free to sentence defendant as its discretion dictated. Absent an abuse of discretion, the trial court's decision will not be disturbed. We find no abuse of discretion and defendant's sentence [three to four years] shall stand." (Emphasis in 73 Mich App.)

*Cf. People v Ungurean,* 51 Mich App 262; 214 NW2d 873 (1974), *People v Redwine,* 73 Mich App 83, 85; 250 NW2d 550 (1976) (ANDERSON, J., dissenting).

We are aware of and undismayed by other decisions of this Court applying *Tanner* to defendants with prior convictions. Courts sometimes make mistakes. Even supreme courts. See *People v Redwine, supra, People v Bullock,* 48 Mich App 700, 705–706; 211 NW2d 108 (1973), *People v Hempton,* 43 Mich App 618; 204 NW2d 684 (1972), *People v Justice,* 50 Mich App 55; 212 NW2d 762 (1973), *lv den,* 391 Mich 792 (1974). See also Judge CAVANAGH's dissent in *People v Banks, supra.* Even the Supreme Court has adopted this approach. *People v Haggitt,* 388 Mich 773; 200 NW2d 321 (1972), and *People v Jordan,* 388 Mich 773; 200 NW2d 321 (1972). Both of these decisions were memorandum opinions and did not discuss the indeterminate sentencing statute in its application to multiple offenders. See also *People v Moore,* 391 Mich 426, 430; 216 NW2d 770 (1974), wherein the Supreme Court noted that the Court of Appeals, in an unpublished opinion, applied *Tanner* to prior offenders. The Supreme Court did not discuss the issue.

The plain language of the statute applies the indeterminate sentencing act to those who are first

offenders. MCLA 8.3a; MSA 2.212(1). The general rules of statutory construction require that: "[e]very word, phrase, clause, and sentence of the provision to be construed must be given force and effect and no word, phrase, or clause shall be rendered nugatory". *Chrysler Corp v Washington,* 52 Mich App 229, 237; 217 NW2d 66 (1974), *lv den,* 399 Mich 859 (1977). "[I]t will not be presumed that the legislature intended to do a useless thing and if possible every part of a statute must be given effect." *Davis v Imlay Township Board,* 7 Mich App 231, 236; 151 NW2d 370 (1967), *lv den,* 379 Mich 780 (1967).

The courts, by adapting the rule of *Tanner* to factual situations involving prior offenders, are creatively expanding the scope and legal effect of *Tanner. Tanner* is inapplicable because that ruling is precisely directed to sentences under the indeterminate sentencing act. To hold that the *Tanner* decision applies to multiple offenders would presuppose that the Legislature intended to do a useless thing when it inserted the words "convicted for the first time of crime". To bind trial courts to the *Tanner* sentencing rule for all multiple offenders is illogical and those decisions which do so are either prognosticating correctly or ignoring established canons of statutory construction.

If the Supreme Court wishes to expand the rule of *Tanner* to the instant facts, we think that further reasoning is required and not mere reliance on *Tanner* in a memorandum opinion. See *People v Haggitt, People v Jordan, supra.* Until the Supreme Court does issue an explicit decision expanding *Tanner* to the instant facts, we feel free to follow the reasoning in *People v Banks, supra.* See also *People v Ungurean, supra.*

Defendant White has raised two other issues

relating to the trial court's instructions to the jury. Defendant did not object, and a review of the record indicates no manifest injustice has resulted. Therefore, there is no reversible error. MCLA 769.26; MSA 28.1096.

Affirmed.