PEOPLE v REESE

Docket Nos. 77-1858, 77-1859. Submitted February 8, 1978, at Detroit.
—Decided May 9, 1978.

Arthur C. Reese pled guilty to two separate informations charging him with receiving or concealing stolen property with a value in excess of $100. The Recorder's Court for the City of Detroit, Joseph A. Gillis, J., sentenced him to serve two consecutive five year terms for the offenses. Defendant appeals from each of the cases below claiming it was error to sentence him to two flat five year terms rather than indeterminate sentences. The cases were consolidated on appeal. *Held:*

The Legislature has created two types of sentences, indeterminate and habitual. A defendant must be sentenced as if he were convicted for the first time, in accordance with the indeterminate sentencing statute, unless the defendant has been charged as a habitual offender. Before the habitual offender penalties may be imposed the defendant is entitled to notice and a hearing.

Affirmed, with the sentences modified to 40 to 60 months each.

M. J. KELLY, P. J., dissented. He would hold that: A minimum sentence which exceeds two-thirds of the maximum is an improper sentence only where the indeterminate sentence act applies, and that such act has mandatory application only to those persons convicted for the first time; therefore, the rule which requires a minimum sentence not to exceed two-thirds of the maximum sentence where an indeterminate sentence is given does not apply in the sentencing of a defendant with prior felony convictions.

OPINION OF THE COURT

REFERENCES FOR POINTS IN HEADNOTES

[1] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders § 19.
[2] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders § 20.
[3, 4] 21 Am Jur 2d, Criminal Law §§ 540, 581, 592, 614.
[5] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders § 30.

1. CRIMINAL LAW—SENTENCES—NOTICE—HEARING—HABITUAL OF-
    FENDERS—STATUTES.

   A defendant is entitled to notice and a hearing before the
   habitual offender penalties may be imposed against him (MCL
   769.13; MSA 28.1085).

2. CRIMINAL LAW—SENTENCES—INDETERMINATE SENTENCES—HABIT-
    UAL OFFENDERS—STATUTES.

   It is unfair to remove a defendant from the benefits of the
   indeterminate sentencing provision without charging him in a
   supplemental information as a habitual offender (MCL 769.8,
   769.13; MSA 28.1080, 28.1085).

3. CRIMINAL LAW—SENTENCES—INDETERMINATE SENTENCES—HABIT-
    UAL OFFENDERS—FIRST OFFENDERS—STATUTES.

   The Legislature has created two types of sentences, indeterminate
   and habitual; a defendant must be sentenced as if he were
   convicted for the first time, in accordance with the indetermi-
   nate sentencing statute, unless the defendant has been charged
   as a habitual offender (MCL 769.1 *et seq.;* MSA 28.1072 *et seq.*).

   DISSENT BY M. J. KELLY, P. J.

4. CRIMINAL LAW—SENTENCES—INDETERMINATE SENTENCE ACT—AP-
    PLICATION OF ACT—STATUTES.

   *The indeterminate sentence act has mandatory application only
   to those persons convicted for the first time; therefore, the rule
   which requires a minimum sentence not to exceed two-thirds of
   the maximum sentence where an indeterminate sentence is
   given does not apply in the sentencing of a defendant with
   prior felony convictions (MCL 769.8; MSA 28.1080).*

5. CRIMINAL LAW—SENTENCES—APPEAL AND ERROR—COURT'S DISCRE-
    TION—MINIMUM SENTENCES—PRIOR FELONY CONVICTIONS.

   *A trial court did not abuse its discretion in sentencing a defend-
   ant convicted of receiving or concealing stolen property with a
   value in excess of $100 to a term of five years without setting a
   minimum term where the defendant had a prior felony convic-
   tion.*

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Edward R. Wilson,* Principal

Attorney, Appeals, and *Richard A. Neaton,* Assistant Prosecuting Attorney, for the people.

*Charles Burke,* for defendant.

Before: M. J. KELLY, P. J., and T. M. BURNS and R. M. MAHER, JJ.

T. M. BURNS, J. Defendant pled guilty in Recorder's Court for the City of Detroit to two informations charging him with receiving or concealing stolen property with a value in excess of $100. MCL 750.535; MSA 28.803. In each case, the property was an automobile. Defendant was sentenced to serve two consecutive five year terms for these offenses[1] which, in turn, were to be served concurrently with an 11 to 25 year sentence on an unrelated offense. In this appeal defendant claims it was error to sentence him to two flat five year terms rather than an indeterminate sentence under *People v Tanner,* 387 Mich 683; 199 NW2d 202 (1972).

The question of whether the indeterminate sentencing provision, MCL 769.8; MSA 28.1080, applies to an individual with a prior conviction has of late caused much division in this Court. The Supreme Court has applied *Tanner* in this type of case, but without discussion. See, *e.g., People v Haggitt* and *People v Jordan,* 388 Mich 773; 200 NW2d 321 (1972).

The first hint[2] that there might be three possible types of sentences—indeterminate (MCL 769.8; MSA 28.1080), habitual offenders (MCL 769.10,

---

[1] The second offense occurred while defendant was awaiting trial on the first. Consecutive sentences are proper under the circumstances. MCL 768.7b; MSA 28.1030(2).

[2] *People v Biniecki,* 35 Mich App 335; 192 NW2d 638 (1971), *lv den* 387 Mich 764 (1972), dealt with the distinct question of sentencing for escape from prison.

769.11, 769.12; MSA 28.1082, 28.1083, 28.1084) and a nonstatutory or common law nonfirst offender, nonhabitual criminal—appears to have come in *People v Moore,* 40 Mich App 383, 387; 198 NW2d 775 (1972). The case which has become the basis of approving this type of sentence is *People v Ungurean,* 51 Mich App 262; 214 NW2d 873 (1974), *lv den,* 395 Mich 805 (1975), where the panel approved a sentence of 14 to 15 years. However, Ungurean had been charged and was sentenced under the provisions of the habitual offender statute, something which was not done here.

As noted above, this Court has been divided on the question of whether one not charged as a habitual offender may receive a flat sentence or an indeterminate sentence which does not comply with *Tanner* if it appears from the presentence report or otherwise that he has been previously convicted of crime. Compare, *People v Redwine,* 73 Mich App 83; 250 NW2d 550 (1976), *People v Reginald Harris,* 80 Mich App 228; 263 NW2d 40 (1977),[3] with *People v Banks,* 73 Mich App 492; 252 NW2d 501 (1977), *People v Malchi White,* 81 Mich App 226; 265 NW2d 100 (1978).[4]

In our opinion, the better view, and the one most consistent with the statutory sentencing scheme, is that expressed by the majority in *Redwine* and *People v Reginald Harris.*

The sentencing scheme is set out in Chapter IX of the Code of Criminal Procedure, MCL 769.1 *et*

[3] *People v Bullock,* 48 Mich App 700; 211 NW2d 108 (1973), applied *Tanner* to a case of the type under discussion here, but did not discuss the convicted for the first time language of the indeterminate sentencing provision.

[4] *People v McFadden,* 73 Mich App 232; 251 NW2d 297 (1977), deals with the related problem of doubling a defendant's sentence for a second drug conviction under MCL 335.348; MSA 18.1070(48) without a hearing or proof of the prior conviction. We express no view as to the correctness of that decision.

*seq.;* MSA 28.1072, *et seq.* Section 8,[5] the provision in question here, applies to those "convicted for the first time". Sections 10,[6] 11[7] and 12,[8] the habitual offender provisions, apply to defendant's second and subsequent convictions. However, before the habitual offender penalties may be imposed, a defendant is entitled to the hearing and notice protections of § 13.[9] To remove a defendant from the benefits of the indeterminate sentencing provision without charging him in a supplemental information as a habitual offender is both unwise and unfair.

The Legislature has created but two types of sentences—indeterminate and habitual—and, unless he is charged as a habitual offender, he must be sentenced as if he were "convicted for the first time". That this is the legislative intent can be seen from the final phrase of § 1:[10] " * * * such sentence shall in no *case or respect* be greater than the penalty * * * prescribed * * * by law". (Emphasis added.) The people point to no statute authorizing the flat five year sentence as imposed here, without complying with the habitual offender provisions, and we have found none. Defendant must be sentenced under § 8 as interpreted by the Supreme Court in *People v Tanner.*

The convictions are affirmed with the sentences modified to 40 to 60 months each.

R. M. Maher, J., concurred.

M. J. Kelly, J. *(dissenting).* Two cases are consolidated for this appeal.

---

[5] MCL 769.8; MSA 28.1080.
[6] MCL 769.10; MSA 28.1082.
[7] MCL 769.11; MSA 28.1083.
[8] MCL 769.12; MSA 28.1084.
[9] MCL 769.13; MSA 28.1085.
[10] MCL 769.1; MSA 28.1072.

Defendant was bound over for trial after a preliminary examination was held on January 7, 1977, for the crime of receiving or concealing stolen property over $100 on January 1, 1977; specifically a Ford automobile (Docket No. 77-1859). MCL 750.535; MSA 28.803. On February 14, 1977, defendant was bound over for trial for a similar crime which occurred on February 6, 1977, involving a Pontiac automobile (Docket No. 77-1858). On April 19, 1977, defendant pled guilty to both offenses in the Recorder's Court for the City of Detroit. The trial court accepted his plea of guilty in both cases, and sentenced defendant to serve "five years flat" on both charges. The sentences were to run consecutively. Defendant appeals asserting that under *People v Tanner*, 387 Mich 683; 199 NW2d 202 (1972), the trial court erred by not setting a minimum sentence.

The *Tanner* "two-thirds" rule does not apply to the defendant since he has been previously convicted of a felony. For the reasons set forth in *People v Malchi White,* 81 Mich App 226; 265 NW2d 100 (1978), I would hold that the trial court did not abuse its discretion in sentencing defendant to a term of five years without setting a minimum term in the present case.

I would affirm.