PEOPLE v KIMBROUGH

Docket No. 77-2862. Submitted June 21, 1978, at Detroit.—Decided September 19, 1978.

Jerry Kimbrough was convicted of attempted unlawfully driving away an automobile and was placed on probation. Because of a failure to report to the probation department as required by the terms of his probation and his subsequent involvement in criminal activity, the defendant was charged with probation violation. The defendant entered a plea of guilty to the probation violation charge and was then sentenced to 28 to 30 months in prison, Recorder's Court of Detroit, Geraldine B. Ford, J. Defendant appeals claiming that the rule which requires a minimum sentence not to exceed two-thirds of the maximum applies to his sentence. *Held:*

The rule which requires that a minimum sentence not exceed two-thirds of the maximum sentence applies only to sentences under the indeterminate sentencing act and to persons convicted for the first time; a trial court is not bound by the two-thirds rule where a defendant has a prior felony record.

Affirmed.

R. M. MAHER, P. J. dissented. He would hold that the rule which requires that a minimum sentence not exceed two-thirds of the maximum sentence does apply where a defendant is only a repeat and not an habitual offender; therefore, defendant's sentence should be modified to a term of 20 to 30 months.

OPINION OF THE COURT

1. CRIMINAL LAW—SENTENCES—INDETERMINATE SENTENCE ACT—APPLICATION OF ACT—FIRST OFFENDERS—STATUTES.

The rule which requires a minimum sentence not to exceed two-thirds of the maximum sentence applies only to sentences

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law §§ 540, 614.

39 Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 2, 5.

Length of sentence as violation of constitutional provisions prohibiting cruel and unusual punishment. 33 ALR3d 335.

under the indeterminate sentencing act and by the terms of the act to persons convicted for the first time; a trial court is not bound by the two-thirds rule where a defendant has a prior felony conviction (MCL 769.8; MSA 28.1080).

DISSENT BY R. M. MAHER, P. J.

2. CRIMINAL LAW—SENTENCES—TWO-THIRDS RULE—APPLICATION OF RULE.

   *A court is bound by the rule which requires that a minimum sentence not exceed two-thirds of the maximum sentence where a defendant is only a repeat and not an habitual offender.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Timothy Scallen,* Assistant Prosecuting Attorney, for the people.

*Nelson & Kierpiec,* for defendant on appeal.

Before: R. M. MAHER, P. J., and J. H. GILLIS and McGREGOR,* JJ.

J. H. GILLIS, J. Defendant pled guilty to a charge of violation of probation and was sentenced to a minimum of 28 months and a maximum of 30 months imprisonment. On appeal, he claims this sentence transgressed the limitations set out by the Supreme Court in *People v Tanner,* 387 Mich 683; 199 NW2d 202 (1972).

The *Tanner* "two-thirds" rule applies only to sentences under the indeterminate sentencing act. MCL 769.8; MSA 28.1080. By its terms this statute applies to persons "convicted for the first time". Defendant has a prior felony conviction. Therefore, the trial court was not bound by the *Tanner* rule.

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

*People v Makidon,* 84 Mich App 287; 269 NW2d 568 (1978), *People v Malchi White,* 81 Mich App 226; 265 NW2d 100 (1978), *People v Banks,* 73 Mich App 492; 252 NW2d 501 (1977).

Affirmed.

McGREGOR, J., concurred.

R. M. MAHER, P. J. *(dissenting).* I do not agree that the court was not bound by the limitations of *People v Tanner,* 387 Mich 683; 199 NW2d 202 (1972). Defendant is only a repeat and not an habitual offender. Accordingly, on the authority of *People v Redwine,* 73 Mich App 83; 250 NW2d 550 (1976), *People v Reginald Harris,* 80 Mich App 228; 263 NW2d 40 (1977), and *People v Reese,* 83 Mich App 186; 268 NW2d 340 (1978), the sentence should be modified to a term of 20 months to 30 months, to reflect the mandate of *People v Tanner, supra.*