PEOPLE v WALKER

Docket No. 78-2324. Submitted October 5, 1978, at Escanaba.—Decided November 7, 1978.

Frederick D. Walker, Jr., was convicted, on his plea of guilty, of possession with intent to circulate a credit card, Genesee Circuit Court, Ollie B. Bivins, Jr., J. The maximum penalty for this offense is four years incarceration and/or a fine of $2,000. Defendant was sentenced to a prison term of 47 to 48 months. On appeal, defendant claims that the sentence imposed violates the indeterminate sentencing act and that the trial court erred in failing to inform defendant that the act was not applicable to him. *Held:*

1. The indeterminate sentencing act does not apply to a defendant with previous felony convictions at the time of sentencing.

2. A plea-taking court is not required to inform a defendant of any rights under the indeterminate sentencing act.

Affirmed.

R. M. MAHER, J., dissents. He would hold that the indeterminate sentencing act applies to a repeat offender who has not been charged under the habitual offender statute.

OPINION OF THE COURT

1. CRIMINAL LAW—SENTENCES—INDETERMINATE SENTENCES—APPLICATION OF ACT—STATUTES.

The indeterminate sentencing act does not apply to a defendant who had two previous felony convictions and was on parole at the time of sentencing (MCL 769.8; MSA 28.1080).

2. CRIMINAL LAW—SENTENCES—INDETERMINATE SENTENCES—PLEA-TAKING—INFORMATION TO DEFENDANT—STATUTES.

A plea-taking court is not required to inform a defendant of any rights under the indeterminate sentencing act (MCL 769.8; MSA 28.1080).

REFERENCES FOR POINTS IN HEADNOTES
[1-3] 21 Am Jur 2d, Criminal Law §§ 540, 592, 614.
39 Am Jur 2d, Habitual Criminals and Subsequent Offenders § 30.

DISSENT BY R. M. MAHER, J.

3. CRIMINAL LAW—SENTENCES—INDETERMINATE SENTENCES—HABIT-
UAL OFFENDERS.

   The indeterminate sentencing act applies to a repeat offender
   who has not been charged under the habitual offender statute.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Robert E. Leonard,*
Prosecuting Attorney, and *Donald A. Kuebler,*
Chief, Appellate Division, for the people.

*Richard L. Austin,* for defendant on appeal.

Before: J. H. GILLIS, P.J., and D. E. HOLBROOK
and R. M. MAHER, JJ.

PER CURIAM. Defendant was originally charged
with forgery, contrary to MCL 750.248; MSA
28.445, however, pursuant to a plea agreement
this charge was dropped when the defendant pled
guilty to a second count of possession with intent
to circulate a credit card, contrary to MCL
750.157(p); MSA 28.354(15). The maximum penalty
for this offense is four years incarceration and/or
a fine of $2,000. On December 11, 1975, defendant
was sentenced to imprisonment for 47 to 48
months, with credit for 87 days served. He appeals,
claiming alternatively that the sentence imposed
violates the indeterminate sentencing act, MCL
769.8; MSA 28.1080, or, that the trial court erred
in failing to inform the defendant that the act was
not applicable to him.

At sentencing, the court stated that the defend-
ant had two previous felony convictions, and at
the time was on parole. Under *People v Ungurean,*
51 Mich App 262; 214 NW2d 873 (1974), and
*People v Banks,* 73 Mich App 492; 252 NW2d 501

(1977), the indeterminate sentencing act does not apply to him.

GCR 1963, 785.7 sets forth quite specifically the procedure to be followed in accepting guilty pleas. It has been embellished by the Supreme Court in *Guilty Plea Cases,* 395 Mich 96; 235 NW2d 132 (1975), and in other individual cases. Neither 785.7 nor the decisions interpreting it require that the plea-taking court inform the defendant of any rights under the indeterminate sentencing act. While the similar problem of habitual offenders *is* explicitly included within the mandatory instructions of GCR 1963, 785.7, we refuse to expand the Supreme Court's considered and detailed instructions by analogy.

Affirmed.

R. M. Maher, J. *(dissenting).* I respectfully dissent.

I am of the opinion that the indeterminate sentencing act applies to a repeat offender who has not been charged under the habitual offender statute, *People v Redwine,* 73 Mich App 83; 250 NW2d 550 (1976), *People v Reginald Harris,* 80 Mich App 228; 263 NW2d 40 (1977), *People v Reese,* 83 Mich App 186; 268 NW2d 340 (1978). The sentence imposed on defendant was in violation of the rule set out in *People v Tanner,* 387 Mich 683; 199 NW2d 202 (1972).