PEOPLE v LYLE

Docket No. 69524. Submitted September 8, 1983, at Lansing.—Decided
October 12, 1983.

Defendant, Cameron D. Lyle, pled guilty in the Barry Circuit
Court to a charge of larceny in a building. The trial court,
Hudson E. Deming, J., sentenced defendant to five years proba-
tion, with the first year to be served in the county jail, a $50
fine, costs of $500, and restitution of $90. Defendant appeals
claiming as errors the fact that the sentence of five years
probation exceeds the statutory maximum of four years impris-
onment for larceny in a building and that the trial court failed
to inform him of the maximum probation term. *Held:*

1. There is such a substantial difference between imprison-
ment in a state prison and probation that it is unrealistic to
argue that five years probation is more severe than four years
in prison. There is no assurance that, as defendant contends,
had he been sentenced to prison, he would have received a
minimum of one year, would have been released on parole at
the end of one year, and would have been kept on parole for
three years.

2. The fifth year of probation is not a multiple punishment
beyond the four-year sentence limitation for larceny in a build-
ing. The Court of Appeals does not accept the assumption that
probation is so similar to imprisonment that the maximum
period of probation can never exceed the maximum period of
imprisonment.

3. There is no court rule requiring a trial court to inform a
defendant of the maximum probation term prior to accepting
the defendant's plea.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 525 *et seq.*
    50 Am Jur 2d, Larceny § 178.
[2] 21 Am Jur 2d, Criminal Law § 567 *et seq.*
[3] 21 Am Jur 2d, Criminal Law §§ 472, 476.
Court's duty to advise or admonish accused as to consequences of
plea of guilty, or to determine that he is advised thereof. 97
ALR2d 549.

1. CRIMINAL LAW — LARCENY FROM A STORE — MAXIMUM MINIMUM SENTENCE.

The maximum minimum sentence for larceny from a store is two years and eight months (MCL 750.360; MSA 28.592).

2. CRIMINAL LAW — SENTENCING — PROBATION — IMPRISONMENT.

Probation is not so similar to imprisonment that the maximum period of probation to which a defendant may be sentenced can never exceed the maximum period of imprisonment to which the defendant may be sentenced.

3. CRIMINAL LAW — PLEA-TAKING PROCEDURE — MAXIMUM SENTENCE — MAXIMUM PROBATION TERM — GENERAL COURT RULES.

A trial court is required by the General Court Rules to inform a defendant prior to accepting his plea of guilty or nolo contendere of the maximum possible prison sentence for the offense; there is no comparable provision requiring a defendant to be informed of a maximum probation term (GCR 1963, 785.7[1][b]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Judy A. H. Hughes,* Prosecuting Attorney, and *Jann Ryan Baugh,* Assistant Attorney General, for the people.

State Appellate Defender (by *P. E. Bennett),* for defendant on appeal.

Before: D. E. HOLBROOK, JR., P.J., and R. B. BURNS and ALLEN, JJ.

PER CURIAM. Originally charged with breaking and entering a store, MCL 750.110; MSA 28.305, defendant pled guilty November 5, 1982, to an added count of larceny in a building, MCL 750.360; MSA 28.592. In exchange for the plea, the prosecution dismissed the original charge. On December 3, 1982, defendant was sentenced to five years probation, with the first year to be served in the county jail, a $50 fine, costs of $500, and restitution of $90.

Defendant appeals raising the atypical claim that the sentence of five years on probation ex-

ceeds the statutory maximum (four years imprisonment) for larceny in a building. The issue raised is one of first impression. Defendant hypothesizes that if he had been sentenced to prison for the maximum of four years and a minimum of one year, he would have been released on parole at the end of one year, and would have been kept on parole for three years, but by reason of being placed on probation after the initial year, he is forced to serve four years on probation rather than three years on parole.

We are constrained to disagree on two grounds. First, there is such a substantial difference between imprisonment in a state prison and probation, despite the numerous conditions imposed on probation, that it is unrealistic to argue that five years probation is more severe than four years in prison. Second, there is no assurance that, had defendant been sentenced to prison, he would have received a minimum of one year. The maximum minimum for larceny from a store is two years and eight months. *People v Bullock,* 48 Mich App 700; 211 NW2d 108 (1973); *People v Midgyett,* 49 Mich App 663; 212 NW2d 754 (1973). It is eminently probable that if the trial judge had felt the defendant should be sentenced to prison he would have imposed more than a minimum prison sentence of one year.

Citing *People v Sturdivant,* 412 Mich 92; 312 NW2d 622 (1981), defendant also claims that the fifth year of probation is multiple punishment, beyond the four-year sentence limitation for larceny in a building. The obvious flaw in this argument is the assumption that probation is so similar to imprisonment that the maximum period of probation can never exceed the maximum period of imprisonment. Furthermore, counsel overstates

the holding in *Sturdivant,* which holds no more than that, if probation is violated, defendant is entitled to credit for the time spent in custody as a condition of probation. For example, if defendant had been sentenced to four years probation with the first year to be spent in the county jail, and subsequently had violated his probation and was then sentenced to the four-year statutory maximum without credit for the one year spent in the county jail, he would then have been confined for one year more than the four-year maximum.

Finally, defendant argues that the trial judge failed to inform him of the maximum *probation* term. GCR 1963, 785.7(1)(b) requires the court to inform the defendant of the maximum possible *prison* sentence. There is no comparable provision for maximum probation term.

Affirmed.