PEOPLE v. WOODS

1. CRIMINAL LAW—DEFENDANT'S ATTIRE—PRISON CLOTHES—TIMELY OBJECTION.

Defendant's appearing before his jury in prison clothes did not necessitate a mistrial and denial of the mistrial motion was not error where the trial court found that the defendant's complete attire, including a windbreaker jacket, resembled work clothes, not a prison uniform, and the defendant did not object until after the jury had been impaneled.

2. CRIMINAL LAW—EFFECTIVE COUNSEL—FAILURE TO OBJECT.

Failure to object to the defendant's wearing prison clothes at trial was not a denial of effective counsel where the trial court held that defendant's attire could not have prejudiced the jury, counsel thoroughly cross-examined witnesses and strenuously argued the defendant's case to the jury.

Appeal from Ingham, Archie D. McDonald, J. Submitted Division 2 March 4, 1971, at Lansing. (Docket No. 10205.) Decided April 2, 1971.

Johnnie Woods was convicted of breaking and entering with intent to commit larceny. Defendant appeals. Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *Raymond L. Scodeller*, Prosecuting Attorney, and *James R. Ramsey*, Assistant Prosecuting Attorney, for the people.

*Semerly & Theophelis*, for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 239.
[2] 21 Am Jur 2d, Criminal Law § 315.

Before: R. B. BURNS, P. J., and J. H. GILLIS and T. M. BURNS, JJ.

PER CURIAM. Defendant, Johnnie Woods, was convicted by a jury of breaking and entering with intent to commit larceny. MCLA § 750.110 (Stat Ann 1970 Cum Supp § 28.305). He appeals as of right.

Defendant appeared in court wearing a prison uniform and a blue windbreaker jacket. Following *voir dire* and impaneling of the jury, defense counsel moved for a mistrial on the ground that defendant's presumption of innocence was infringed by his appearing in that manner. The trial judge ordered a recess to allow defendant to change clothes, but denied the motion for mistrial ruling that it was not timely made and that no prejudice resulted since the combination of the windbreaker jacket and green prison trousers gave the appearance of ordinary work clothes and that no prison insignia was visible.

Defendant claims on appeal that denial of his motion for mistrial was reversible error. We disagree. In *People* v. *Shaw* (1969), 381 Mich 467, the Supreme Court ruled that although appearance before a jury in prison clothes may constitute prejudicial error, failure to make objection until after the jury is impaneled waives the defect. Because of the trial court's finding, in the instant case, that defendant's attire resembled work clothes instead of a prison uniform and in light of defendant's failure to make timely objection, we find no error.

Defendant also argues he was denied effective assistance of counsel as an alternative to his claim of prejudice. His contention is that if his lawyer waived the claim of improper attire, then his counsel was necessarily ineffective.

Competence or effectiveness of counsel cannot be measured by the number of witnesses cross-examined and the number of objections made. *People* v. *Lundberg* (1961), 364 Mich 596. Nevertheless, the record reveals defense counsel thoroughly cross-examined witnesses and strenuously argued his case to the jury. The trial court's ruling that defendant's attire could not have prejudiced the jury vitiates defendant's claim of ineffective counsel for failure to object on that ground. Defendant was not denied effective counsel within the meaning of *People* v. *Degraffenreid* (1969), 19 Mich App 702. See *People* v. *O'Guin* (1970), 26 Mich App 305.

The remaining assignment of error does not merit discussion.

Affirmed.