PEOPLE v THOMPSON

Docket No. 78-4476. Submitted February 21, 1980, at Detroit.—Decided May 5, 1980.

Morris Thompson was originally convicted of first-degree criminal sexual conduct. His conviction was reversed by the Court of Appeals, 76 Mich App 705 (1977). He was again tried and convicted of second-degree criminal sexual conduct, Recorder's Court of Detroit, Patricia J. Boyle, J. At the second trial the defendant's testimony from the first trial was read to the jury. The defendant did not testify at the second trial. Defendant appeals, alleging that admission of his former testimony was error. *Held:*

The defendant's prior testimony was properly admitted into evidence. There is no indication that the decision to testify in the first trial was not made entirely voluntarily and with the considered assistance of counsel.

Affirmed.

CRIMINAL LAW — EVIDENCE — FORMER TESTIMONY.

A defendant's testimony at a former trial is admissible in evidence against him in later proceedings involving the same offense where there is no indication that the defendant's decision to testify at the first trial was not made entirely voluntarily and with the considered assistance of counsel.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Timothy A. Baughman,* Assistant Prosecuting Attorney, for the people.

*Jerrold B. Sherman,* for defendant on appeal.

REFERENCE FOR POINTS IN HEADNOTE
[1] 21 Am Jur 2d, Criminal Law §§ 358, 367.

Before: Bashara, P.J., and T. M. Burns and D. F. Walsh, JJ.

D. F. Walsh, J. Defendant's September 23, 1975, conviction of criminal sexual conduct in the first degree, MCL 750.520b(1)(f); MSA 28.788(2)(1)(f), was reversed by this Court because of the trial court's refusal to instruct the jury on necessarily included lesser offenses. *People v Thompson,* 76 Mich App 705; 257 NW2d 268 (1977), *lv den* 402 Mich 829 (1977). On retrial, defendant was convicted of criminal sexual conduct in the second degree. MCL 750.520c(1)(f); MSA 28.788(3)(1)(f). On July 21, 1978, he was sentenced to a prison term of 10 to 15 years.

The record indicates that, at the close of the prosecution's case in chief in defendant's first trial, the trial court advised that the jury would be instructed only on criminal sexual conduct in the first degree and not on second, third and fourth-degree criminal sexual conduct.[1] Defendant then

---

[1] At the close of the prosecution's proofs, defense counsel asked that the case be submitted to the jury solely on a charge of fourth-degree criminal sexual conduct. The court responded:

"So that you know ultimately how this case is going to be submitted to the jury, it will be submitted to the jury solely on the issue of criminal sexual conduct in the first degree."

After the jury had been instructed, the trial court solicited counsels' comments. Defense counsel made the following remark:

"I'd like the record to show that I requested a lesser and included offense of second, third and fourth, first of all, at the time of the conclusion of the People's case."

The court responded:

"Yes, the record should indicate that both you and the Assistant Prosecutor approached the bench prior to my charging the jury and you did request of me charges on the lesser and included offenses, which I told you I was not going to submit, and which I indicated to you at the time of the motions, at the end of the People's case, that the case would be submitted to the jury solely on the question of Criminal Sexual Conduct in the First Degree. Your exceptions and objections to the Court's charge in that I didn't charge on the lesser offenses of Criminal Sexual Conduct in the Second, Third and Fourth Degree are duly noted on the record."

took the stand and testified that he had seen the complaining witness from his car as she was walking down the street and she accepted his offer of a ride, that, at some point, defendant stopped the car and the two got into the back seat, and that they started to have sexual relations but there was no penetration. According to defendant's testimony, the complainant was a willing participant who became angry when defendant was not able to have intercourse with her. The jury found defendant guilty of first-degree criminal sexual conduct.

At defendant's second trial, after all prosecution witnesses had testified, the prosecutor asked the trial court to rule on the admissibility of the testimony given by defendant at his first trial. Defense counsel argued that defendant was going to testify and that introduction of the testimony as substantive evidence would be error. The court ruled that the former testimony was admissible in the prosecution's case in chief. After the testimony was read to the jury, the prosecution and defense rested. Defendant did not testify. He was convicted of second-degree criminal sexual conduct.

In *Harrison v United States,* 392 US 219; 88 S Ct 2008; 20 L Ed 2d 1047 (1968), the United States Supreme Court reversed the defendant's murder conviction because, at the defendant's trial, the prosecution had read to the jury the testimony the defendant had given at his former trial. His former murder conviction had been reversed because of the erroneous admission into evidence of confessions illegally obtained. The defendant had testified at the former trial only after the government had improperly introduced into evidence his three wrongfully obtained confessions. In his opening statement, at the former trial, the defense counsel had announced that the defendant would not tes-

tify. Finding that the government's illegal action had induced the defendant's testimony, the Court, applying the "fruit of the poisonous tree" doctrine, reversed the murder conviction:

"The question is not *whether* the petitioner made a knowing decision to testify [at his former trial], but *why.* If he did so in order to overcome the impact of confessions illegally obtained and hence improperly introduced, then his testimony was tainted by the same illegality that rendered the confessions themselves inadmissible." 392 US at 223.

In so ruling, the Supreme Court clearly indicated its intention to carve out a narrow exception to the general rule of admissibility of a defendant's former testimony:

"In this case we need not and do not question the general evidentiary rule that a defendant's testimony at a former trial is admissible in evidence against him in later proceedings. A defendant who chooses to testify waives his privilege against compulsory self-incrimination with respect to the testimony he gives, and that waiver is no less effective or complete because the defendant may have been motivated to take the witness stand in the first place only by reason of the strength of the lawful evidence adduced against him." 392 US at 22. (Footnote omitted.)[2]

Under the circumstances of this case appellant's reliance on *Harrison* is misplaced. We have reviewed the record and are fully persuaded that defendant's decision to testify at his first trial was motivated by the strength of the lawful evidence which had been presented by the prosecution rather than by the court's refusal to instruct on lesser offenses.

[2] Also see MRE 801(d)(2)(A).

The complaining witness testified to being beaten repeatedly by defendant, dragged into his car, forced to have sexual intercourse and oral sex, and pushed out of the car. She was able to get the car's license number before running for help. Laboratory analysis revealed the presence of sperm on her clothing. The side of her head was swollen and there were scrapes on her neck.

This evidence was sufficient to support a conviction of criminal sexual conduct in the first degree. Defendant was faced with the alternative of allowing the jury to make its determination as to his guilt or innocence having heard only the complainant's version of the incident or to testify himself.

We are not persuaded that defendant's testimony was "impelled" in any way.[3] There is no suggestion in the record that defendant's decision to testify at his first trial was not made entirely voluntarily and with the considered assistance of counsel. There was, therefore, no error in admission of the evidence at the second trial. See *People v Hunley,* 63 Mich App 97, 100-101; 234 NW2d 169 (1975).

Affirmed.

---

[3] "The remaining question is whether the petitioner's trial testimony was in fact impelled by the prosecution's wrongful use of his illegally obtained confessions." *Harrison v United States, supra,* 392 US at 224.