PEOPLE v PORTER

Docket No. 54660. Submitted January 14, 1982, at Detroit.—Decided
    June 23, 1982. Leave to appeal applied for.

David Porter was convicted by a jury in Detroit Recorder's Court
    of armed robbery, assault with intent to do great bodily harm
    less than murder, and possession of a firearm in the commis-
    sion of a felony and was sentenced, Edward M. Thomas, J.
    Defendant appeals. *Held:*

The trial court's refusal to grant a continuance so that
    defendant could obtain civilian clothing to wear at trial does
    not require reversal of defendant's convictions.

Affirmed.

D. C. RILEY, J., dissented. She would reverse defendant's
    convictions on the grounds that defendant's right to a fair trial
    and his fundamental right to be presumed innocent until
    proven guilty are involved and that defendant's motion for a
    *continuance, made before the jury was impaneled, should have
    been granted.* She also states that no reversible error occurred
    by the trial court's failing to instruct the jury that the specific
    intent necessary for armed robbery must be to permanently
    deprive the complainant of the property. Finally, she states
    that a mischaracterization by the prosecuting attorney of a
    defense witness as being a person with nothing to lose by not
    testifying truthfully does not require reversal, but should not
    be repeated should the defendant be retried.

OPINION OF THE COURT

1. CRIMINAL LAW — TRIAL — ATTIRE.

A trial court's refusal to allow a defendant to obtain civilian
    clothes to wear at trial does not require reversal of his convic-
    tion where defendant had ample time to acquire proper cloth-

REFERENCES FOR POINTS IN HEADNOTES
[1-3] 21A Am Jur 2d, Criminal Law §§ 650, 842, 843.
[3] 17 Am Jur 2d, Continuance § 46.
[4] 67 Am Jur 2d, Robbery § 69.
    75 Am Jur 2d, Trial §§ 713, 716.
[5] 75 Am Jur 2d, Trial § 305.

ing but failed to assert his right to do so, the clothes that he was tried in did not have any numbers or other identification printed on them and were similar to civilian work clothes, and defendant's claim of prejudice is not supported by any factual findings of the trial court.

DISSENT BY D. C. RILEY, J.

2. CRIMINAL LAW — TRIAL — JURY — ATTIRE — DUE PROCESS.

A defendant may not be compelled to appear before a jury in jail clothes; to require him to do so would violate due process.

3. CRIMINAL LAW — TRIAL — JURY — ATTIRE — CONTINUANCES.

A defendant's request for a continuance in order that he could obtain civilian clothes to wear at trial should have been granted where the request was made before the jury was impaneled.

4. ROBBERY — ARMED ROBBERY — JURY INSTRUCTIONS — INTENT.

A trial court's failure to instruct the jury that the specific intent necessary for a conviction of armed robbery must be an intent to permanently deprive the victim of the property does not necessarily require reversal of the defendant's conviction for armed robbery where the instructions as a whole state the applicable law.

5. WITNESSES — MISCHARACTERIZATION OF WITNESSES.

Mischaracterization of a defense witness by the prosecutor in a criminal trial as a person who had nothing to lose by not telling the truth does not require the reversal of a defendant's conviction.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Timothy L. Cronin,* Assistant Prosecuting Attorney, for the people.

*Peter Jon Van Hoek,* Assistant State Appellate Defender, for defendant on appeal.

Before: CYNAR, P.J., and M. J. KELLY and D. C. RILEY, JJ.

PER CURIAM. The facts of this case are ably set

forth in Judge RILEY's dissenting opinion. On appeal, defendant argues that the trial court's refusal to allow him to obtain civilian clothes requires reversal of his conviction. We disagree and affirm his conviction.

In *Estelle v Williams,* 425 US 501; 96 S Ct 1691; 48 L Ed 2d 126 (1976), the United States Supreme Court addressed the issue of whether a defendant's right to a fair trial was violated when he was tried in clothes which were distinctly marked as prison issue. Prior to trial, defendant asked a prison guard for civilian clothes, but his request was denied. At trial, the defendant did not object to being tried in prison clothing, and evidence taken at defendant's later habeas corpus hearing demonstrated that many defendants preferred to be tried in prison clothing. The Supreme Court ruled that trying a defendant in prison clothing, over defendant's objection, would violate defendant's right to a fair trial. *Id.,* 505-506. However, the Supreme Court noted that defendant's failure to object would preclude him from raising the issue on appeal. *Id.,* 512-513. The Supreme Court stated:

"Accordingly, although the State cannot, consistently with the Fourteenth Amendment, compel an accused to stand trial before a jury while dressed in identifiable prison clothes, the failure to make an objection to the court as to being tried in such clothes, for whatever reason, is sufficient to negate the presence of compulsion necessary to establish a constitutional violation." *Id.,* 512-513.

The Michigan Supreme Court recognized a defendant's right to be dressed in civilian clothes during his trial in *People v Shaw,* 381 Mich 467, 475; 164 NW2d 7 (1969). The Court ruled, however, that the defendant failed to make a timely protest

which waived his right to object on appeal. *Id.,* 475.

In *People v Woods,* 32 Mich App 358; 188 NW2d 649 (1971), the defendant was tried in prison clothes which had the appearance of ordinary working clothes. Defendant failed to object to the clothing until after the jury was impaneled. On appeal, the Court affirmed his conviction, noting that the defendant's clothes resembled work clothes instead of a prison uniform. *Id.,* 359.

In this case, defendant was imprisoned for ten months prior to trial. He made no request for civilian clothing until the jury voir dire was to begin. At that time, defense counsel moved for a continuance so that he could attempt to get civilian clothes for his client. At the time, defendant was dressed in a blue denim jail uniform which did not have any numbers or identifying marks. The court denied defendant's motion noting the security problem it posed and defendant's failure to assert his right prior to trial.

We are not convinced that the trial court erred. Defendant had ample time to acquire proper clothing but failed to assert his right. Furthermore, the clothes that he was tried in bore no resemblance to the prison uniform described in *Estelle, supra.* The clothes did not have any numbers or other identification printed on them and were similar to civilian work clothes. Defendant's claim of prejudice is not supported by any factual finding one way or the other below. The record is at best equivocal as to whether the jail outfit he was wearing was even identifiable. His counsel argued:

"I think that there may be jurors who are sophisticated enough to recognize that the clothes that Mr. Porter is wearing is *[sic]* not a doctor's uniform and may, in fact, feel that he is already locked up."

That excerpt is extracted from the first trial day. The record does not indicate how defendant was dressed on the second and third days of the trial and therefore tends to dilute his claim of prejudice as, if he persisted in wearing the same outfit, it was presumably of his own volition.

No request was made for an evidentiary hearing on this specification of error, and there is simply no support for the conclusion urged that the jury was undoubtedly affected by its viewing of Mr. Porter in jail garb. In fact, on this record it is not even clear that the clothes worn by the defendant were identifiable as jail garb at all.

We agree with Judge Riley's resolution of the other issues raised by defendant and affirm his conviction.

Affirmed.


D. C. Riley, J. *(dissenting).* Defendant was convicted by a jury of armed robbery, MCL 750.529; MSA 28.797, assault with intent to do great bodily harm less than murder, MCL 750.84; MSA 28.279, and possession of a firearm in the commission of a felony, MCL 750.227b; MSA 28.424(2). He was sentenced to terms from 40 to 60 years on the armed robbery conviction, 10 to 15 years for the assault conviction, and 2 years for the felony-firearm conviction.

Defendant was convicted of the shotgun robbery of a soul-food restaurant in Detroit, which took place on November 16, 1979. The following facts are put forth by the prosecution. The people claim defendant and an accomplice both used firearms to rob the restaurant. Defendant allegedly shot and wounded the proprietor, who then shot and wounded defendant. Defendant fled the scene of the crime and an emergency medical service unit

took him to Detroit General Hospital where police arrested him.

At trial in this case, Larry Till, who was previously convicted for the robbery of the soul-food restaurant, testified that defendant was not with him during the commission of the crime. Till stated that his accomplice was Henry Jones who had fled to Mississippi. The jury deliberated for 40 minutes before returning the guilty verdicts.

Defendant's first contention is that he was denied due process of law when the trial court refused to allow him to obtain clothes, other than his jail uniform, or at least to investigate whether defendant could obtain regular clothing to wear at his trial. Defendant's right to a fair trial and the fundamental right to be presumed innocent until proven guilty are involved in this case.

At the beginning of trial, before jury voir dire began, defense counsel moved for a continuance in order to enable the defendant to obtain civilian clothing. (It should be noted that trial counsel was the third attorney of record for defendant.) The court did not grant the continuance, noting the security problem it posed at the county jail and that defendant knew, or should have known, that he had to arrange for his own civilian clothing before the trial date. The record does not indicate whether or not defendant appeared in the blue denim jail uniform on the second and third day of trial. The issued shirt and trousers have no numbers or identifying marks on them.

This state does not compel defendants to appear before a jury in jail clothes; to require them to do so would violate due process, *Estelle v Williams,* 425 US 501; 96 S Ct 1691; 48 L Ed 2d 126 (1976). The issue presented here is whether a continuance must be granted when it is requested prior to jury

voir dire. Other Michigan decisions have dealt
with untimely objections to being tried in prison
clothing. *People v Shaw,* 7 Mich App 187; 151
NW2d 381 (1967), *aff'd* 381 Mich 467; 164 NW2d 7
(1969), and *People v Reginald Harris,* 80 Mich App
228; 263 NW2d 40 (1977), *lv den* 406 Mich 860
(1979).

In *Shaw,* the defense counsel moved for a mis-
trial on the second day of trial on the basis that
the jury had seen defendant in his jail uniform on
both the first and second days of trial. "Defendant
had the right to be dressed in civilian garb but
there was a failure to make a timely protest of the
denial of such right", the Supreme Court held. 381
Mich 467, 475. The majority stated that "[u]nder
ordinary circumstances, a court has no discretion
as to a criminal defendant's attire", *id.,* 474, and
quoted with approval the then current 21 Am Jur
2d, Criminal Law, § 239, pp 275, 276: "It is im-
proper to bring him [defendant] into the presence
of the jury which is to try him, or the venire from
which his trial jury will be drawn, clothed as a
convict." The *Shaw* majority affirmed the Court of
Appeals finding that the objection was not timely
made. Justice T. M. KAVANAGH, dissenting in
*Shaw,* argued that the defendant's substantive
right to a fair and impartial jury trial was in-
volved and not merely a procedural error which
was waived by an untimely objection.

In *Reginald Harris, supra,* defendant argued
that he was denied his right to a fair trial because
he was tried in his prison uniform. The per curiam
opinion states that defendant must object in a
timely fashion and the "objection must be made
before the jury is empaneled". 80 Mich App 228,
230.

The objection in this case was on the first day of
trial proceedings before the potential jurors were

brought into the courtroom. While the trial court's concern for jail security and delay are well taken, the defense request, coming before the impanelling of the jury, should have been granted. Therefore, I conclude, defendant's convictions should be reversed.

Additionally, defendant raised two issues which, in the context of this case, would not require reversal but do merit comment. Defendant argues that the court erred in its definition of the intent necessary for armed robbery. The court stated that armed robbery requires that a defendant have specific intent to deprive the complainant of the property taken. However, the court failed to instruct that the specific intent necessary must be to *permanently* deprive the complainant of the property. *People v Harris,* 82 Mich App 135, 137; 266 NW2d 477 (1978). Due to the facts of this case and a review of the instructions as a whole, I am convinced that no reversible error has occurred on this issue.

Defendant also objects to the prosecutor's characterization of defense witness Till as one with nothing to lose as a method of attacking his credibility. The prosecutor's characterization that Till had nothing to lose and could not be hurt anymore on this crime, since he was already convicted, was not technically correct. Till's testimony could have been introduced against him if, on appeal, his conviction had been reversed and he had been retried. *People v Thompson,* 97 Mich App 319; 293 NW2d 812 (1980). In light of the facts of this case, I do not believe this mischaracterization would require reversal but, were the defendant to be retried, the prosecutor should not mischaracterize Till's position.

Therefore, I would reverse defendant's convictions.