PEOPLE v TURNER

Docket No. 78244. Submitted May 15, 1985, at Lansing.—Decided July 2, 1985.

Clarence D. Turner was convicted of delivery of less than 50 grams of heroin, Oakland Circuit Court, Richard D. Huhn, J. Defendant appealed, alleging that he was denied a fair trial because he was compelled to appear before the jury in prison clothes. Defendant had civilian clothes to appear in at trial, but was unable to fit into them because he had gained weight while in jail. On the date set for trial, during a preliminary motion before the jury was brought into the courtroom, defense counsel requested an opportunity to obtain civilian clothing. Defendant was dressed in jail clothing and was wearing a yellow Oakland County jail band on his wrist. The trial court, without giving any reason, denied defendant the opportunity to acquire civilian clothing. Shortly thereafter the court granted a recess because the jury venire was not yet ready to enter the courtroom. Defendant appealed. *Held:*

It is an abuse of discretion for a trial court to deny a defendant's motion for a continuance to obtain civilian clothes where the motion is made prior to the jury's being empanelled and before the jury venire had an opportunity to view him in prison clothes and where the court articulates no valid reason for denying the request.

Reversed and remanded.

TRIAL — CRIMINAL LAW — PRISONS AND PRISONERS — DRESS AT TRIAL.

It is an abuse of discretion for a trial court to deny a defendant's motion for a continuance to obtain civilian clothes where the motion is made prior to the jury's being empanelled and before the jury venire had an opportunity to view him in prison clothes and where the court articulates no valid reason for denying the request.

REFERENCES FOR POINTS IN HEADNOTE
Am Jur 2d, Continuance §§ 27-42.
Am Jur 2d, Criminal Law §§ 650, 842; 843.
Propriety and prejudicial effect of witness testifying while in prison attire. 16 ALR4th 1356.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Lisa Varnier,* Assistant Prosecuting Attorney, for the people.

*Larry A. Rueff,* for defendant on appeal.

Before: T. M. BURNS, P.J., and ALLEN and M. J. TALBOT,* JJ.

PER CURIAM. Defendant was convicted of delivery of less than 50 grams of a controlled substance, heroin, MCL 333.7401, subds (1), (2)(a)(iv), 333.7212(1)(b); MSA 14.15(7401), subds (1), (2)(a)(iv), 14.15(7212)(1)(b). Defendant was sentenced to a prison term of from 3-1/2 to 20 years with credit for time served.

Defendant first argues that he was denied a fair trial because he was compelled to appear before the jury in prison clothing. Defendant has a fundamental right to a fair trial secured by the Fourteenth Amendment. *Drope v Missouri,* 420 US 162, 172; 95 S Ct 896; 43 L Ed 2d 103 (1975). We must "be alert to factors that may undermine the fairness of the fact-finding process * * * [and] carefully guard against dilution of the principle that guilt is to be established by probative evidence and beyond a reasonable doubt". *Estelle v Williams,* 425 US 501, 503; 96 S Ct 1691; 48 L Ed 2d 126 (1976), citing *In re Winship,* 397 US 358, 364; 90 S Ct 1068; 25 L Ed 2d 368 (1970).

In *People v Shaw,* 381 Mich 467, 474; 164 NW2d 7 (1969), the Supreme Court stated:

"Under ordinary circumstances, a court has no discre-

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

tion as to a criminal defendant's attire. The rule of law is stated in 21 Am Jur 2d, Criminal Law, § 239, pp 275, 276, as follows:

" 'Since the defendant, pending and during his trial, is still presumed innocent, he is entitled to be brought before the court with the appearance, dignity, and self-respect of a free and innocent man, except as the necessary safety and decorum of the court may otherwise require. He is therefore entitled to wear civilian clothes rather than prison clothing at his trial. It is improper to bring him into the presence of the jury which is to try him, or the venire from which his trial jury will be drawn, clothed as a convict.' "

The failure to make a timely objection, however, results in a waiver of the right to be tried in civilian clothes, *Shaw, supra,* p 475. The objection must be made before the jury is empanelled. *People v Reginold Harris,* 80 Mich App 228, 230; 263 NW2d 40 (1977), *lv den* 406 Mich 860 (1979). The prosecutor in the instant case argues that defendant waived his right to wear civilian clothing at trial, citing *People v Porter,* 117 Mich App 422, 425; 324 NW2d 35 (1982), *lv den* 417 Mich 1052 (1983), and *Shaw, supra.*

In *Porter,* this Court noted that:

"[D]efendant was imprisoned for ten months prior to trial. He made no request for civilian clothing until the jury voir dire was to begin. At that time, defense counsel moved or a continuance so that he could attempt to get civilian clothes for his client. At the time, defendant was dressed in a blue denim jail uniform which did not have any numbers or identifying marks. The court denied defendant's motion noting the security problem it posed and defendant's failure to assert his right prior to trial." 117 Mich App 425.

In *People v Shaw,* the Supreme Court noted that:

"In the present case the issue as to how the defen-

dant was garbed was never raised by his attorney until after the jury was chosen and the jury had twice had an opportunity to see defendant in prison garb. While defendant's attorney moved for a mistrial, he made no attempt to adduce proof that the defendant had requested the right to wear his own clothes. The court pointed out that he had no knowledge of the truth of counsel's assertion to that effect. Finally, counsel made no response whatever to the court's statement: 'You have been counsel for this man for quite some time and you have known since the 26th day of August when it was going to be tried, and I think you could have arranged to have them appear in whatever clothing you thought proper.' " 381 Mich 474-475.

We feel that the instant case is distinguishable from both *Porter* and *Shaw.* In the instant case, defendant had civilain clothes to appear in at trial, but was unable to fit into them because he had gained weight while in jail. On the date set for trial, during a preliminary motion before the jury was brought into the courtroom, defense counsel requested an opportunity to obtain civilain clothing. Defendant was dressed in jail clothing and was wearing a yellow Oakland County jail band on his wrist. The trial judge, without giving any reason, denied defendant the opportunity to acquire civilian clothing. Shortly thereafter the trial court granted a recess because the jury venire was not yet ready to enter the courtroom.

We find that defendant made a timely objection to being tried in prison clothing. Defendant objected prior to the jury's being empanelled, *Harris, supra,* and before the jury venire had an opportunity to view him in prison clothing, *Porter, supra.* Defendant also had civilian clothing which he intended to wear at trial but, because of unfortunate circumstances, he was unable to wear this clothing. We find this situation similar to the one that faced this Court in *People v Lee,* 133 Mich

App 299; 349 NW2d 164 (1984), where the defendant's civilian clothes were destroyed by lice. In that case, this Court stated:

"Where, as here, a defendant makes a timely request before trial to be allowed to wear civilian clothing, this request must be granted. *Estelle v Williams*, 425 US 501; 96 S Ct 1691; 48 L Ed 2d 126 (1976); *People v Shaw*, 381 Mich 467; 164 NW2d 7 (1969). This is not a case in which defendant procrastinated, failed to obtain civilian clothing, and then at trial ask for a continuance to be allowed to secure civilian clothes. Instead, defendant planned to wear his civilian clothes stored at the county jail, but belatedly learned that they were infected with lice. The trial court erred in compelling him to be tried in his jail clothing." 133 Mich App 301.

Defendant made his motion before the jury saw him in jail clothing. Defendant also prepared to wear civilian clothes, but his plans were frustrated. Considering these circumstances, we feel that the trial court clearly abused its discretion by denying defendant the opportunity to procure proper fitting civilian clothes. While the trial court failed to articulate any reasons for its decision, we note that there was no indication that defendant was dangerous or that he would attempt to escape. *People v Jankowski*, 130 Mich App 143; 342 NW2d 911 (1983). Defendant's request also would not have caused undue delay since shortly after defendant's request, the court granted a recess because the jury venire had not yet been assembled. The prosecutor contends that the trial court was correct in its decision because the jail clothing worn by defendant did not appear to be prison clothing. The only portion of the record supporting this fact is a statement made by the prosecutor that the clothing defendant wore at trial was not obviously prison clothing since it did not have "black and

white stripes or something". The prosecutor's statement, however, was not evidence. The court failed to make any note of the clothing defendant was wearing, thereby distinguishing *Porter, supra,* and *People v Woods,* 32 Mich App 358; 188 NW2d 649 (1971). The record shows that defendant was in jail clothing and wore a yellow Oakland County jail band on his wrist. Absent any findings to the contrary, we feel that this description of defendant's clothing is sufficient to lead a jury to conclude that defendant was wearing prison clothing. See *People v Lee, supra,* p 301.

Since there was no vaild reason for denying defendant's motion, we find that the trial court abused its discretion.

Reversed and remanded.