PEOPLE v LEE

Docket No. 66212. Submitted November 10, 1983, at Grand Rapids.—
      Decided February 13, 1984.

    Defendant, Lamaicra Lee, was convicted following a jury trial in
      Detroit Recorder's Court of armed robbery and possession of a
      firearm during the commission of a felony. Defendant appeals
      alleging that he was denied due process of law when the trial
      judge, Michael J. Talbot, J., compelled him to go to trial in his
      jail clothing. *Held:*

       1. Where, as here, a defendant makes a timely request before
      trial to be allowed to wear civilian clothing, this request must
      be granted.

       2. The trial court erred in compelling defendant to be tried in
      his jail clothing.

    Reversed and remanded.

TRIAL — CRIMINAL LAW — PRISONS AND PRISONERS — DRESS AT
      TRIAL.

    A defendant's request to be allowed to wear civilian clothing at
       his trial must be granted where the defendant makes a timely
      request before his trial.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Janice M. Joyce Bartee,* Assistant Prosecuting Attorney, for the people.

*Gerald S. Surowiec,* for defendant on appeal.

Before: ALLEN, P.J., and R. M. MAHER and R. H. BELL,* JJ.

REFERENCE FOR POINTS IN HEADNOTE
21A Am Jur 2d, Criminal Law §§ 842, 843.
* Circuit judge, sitting on the Court of Appeals by assignment.

PER CURIAM. Following a jury trial in the Detroit Recorder's Court, defendant was convicted of armed robbery, MCL 750.529; MSA 28.797, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). He was sentenced to serve consecutive terms of imprisonment of from 20 to 40 years for the robbery and 2 years for the felony-firearm offense. Defendant appeals as of right.

Defendant's sole claim on appeal is that he was denied due process of law when the trial court compelled him to go to trial in his jail clothing. We agree.

Before the trial began, defense counsel requested a brief continuance so that the defendant's family could get him civilian clothing. Defendant had had civilian clothing stored at the Wayne County Jail, but learned that it had become infested with lice and could not be worn. In response to the request for a continuance, the trial court said:

"There are over 600 people in the Wayne County Jail. Everybody who knows how to read a newspaper knows how to read the fact that folks are in jail and that it is because they can't make bond. That's all it means here today is that your client was unable to make bond and therefore he is in the county jail. It's no indicia of his criminality. He is unable to post bond. And I would be happy to make such an observation before the jury if you wish, or I can say nothing so as not to draw attention to your client, whichever you want. But, I don't know. It would be nice if he could wear his civilian clothes, but a matter beyond our control caused it to be impossible. I think the higher priority is to have your client get a speedy trial."

Thereafter, counsel requested that defendant be permitted to change clothes with his brother. The trial judge also denied this request, stating:

"You know, let me point out a very obvious thing. Common sense. I can't make the sheriff let your client have civilian clothes over at the jail. And as soon as he leaves here, even in civilian clothes that are brought down or whatever the situation, he is going to go over to the jail and they are going to take his civilian clothes off, and they are not able to be storing his clothes for him. They are going to end up putting them in the contaminated room. So we are going to be doing this tomorrow. We are going to do this every day. I am sorry that there are lice in the jail. For his own health's sake he is better off wearing these clothes. So let us progress with this trial."

Where, as here, a defendant makes a timely request before trial to be allowed to wear civilian clothing, this request must be granted. *Estelle v Williams,* 425 US 501; 96 S Ct 1691; 48 L Ed 2d 126 (1976); *People v Shaw,* 381 Mich 467; 164 NW2d 7 (1969). This is not a case in which defendant procrastinated, failed to obtain civilian clothing, and then at trial asked for a continuance to be allowed to secure civilian clothes. Instead, defendant planned to wear his civilian clothes stored at the county jail, but belatedly learned that they were infested with lice. The trial court erred in compelling him to be tried in his jail clothing.

The prosecution on appeal does not argue that the trial court's ruling was correct but, rather, that defendant's garb was "not distinctively jail clothing" and, therefore, the possibility of prejudice was minimized. The record fails to include a description of the clothing worn by defendant. It is obvious from the trial judge's remarks, however, that he believed defendant's clothing would be recognized as jail garb.

Reversed and remanded.