PEOPLE v HARRIS

PEOPLE v JACKSON

Docket Nos. 130529, 146674. Submitted June 9, 1993, at Detroit. Decided August 3, 1993, at 9:10 A.M.

Thomas Harris and Tim Jackson were convicted after a joint jury trial in the Detroit Recorder's Court, Prentis Edwards, J., of first-degree murder and sentenced to life imprisonment. Harris was also convicted of possession of a firearm during the commission of a felony and sentenced to two years' imprisonment for that conviction. Harris appealed as of right. Jackson appealed as on leave granted by order of the Supreme Court. 439 Mich 869 (1991). The appeals were consolidated.

The Court of Appeals *held:*

1. The admission of each defendant's redacted confession against the other, with neither defendant testifying against the other, did not violate the defendants' rights of confrontation. Even if the admission of such evidence violated the defendants' rights of confrontation, it would be harmless error because in each case evidence properly admitted against the defendant was strong and the prejudicial effect of the codefendant's admission was insignificant by comparison.

2. In the case against Harris, the admission into evidence of a statement made by a police officer who took Harris' confession did not violate the rule against hearsay. The statement was not offered to prove the truth of the matter asserted, but only to establish that the statement was made.

3. The trial court did not abuse its discretion in denying Harris' request for a recess to allow him to obtain other clothing. The clothing Harris was wearing did not resemble prison clothing that could have prejudiced Harris in the eyes of the jurors.

4. The trial court did not abuse its discretion in denying Jackson's motion for a separate trial. Severance was not required in the absence of antagonistic defenses or confessions by the defendants.

5. Jackson's claim that he was denied effective assistance by trial counsel because counsel failed to ask for a hearing regarding the voluntariness of his confession despite an indication

that Jackson did not understand his constitutional rights is without merit. The record indicates that Jackson was aware of his rights when he gave his confession.

Affirmed.

1. CRIMINAL LAW — JOINT JURY TRIALS — CODEFENDANTS' REDACTED CONFESSIONS.

In a joint jury trial, the admission of a nontestifying codefendant's confession does not violate a defendant's right of confrontation where the confession is redacted to eliminate all references to the defendant.

2. EVIDENCE — HEARSAY.

Where a witness testifies that an out-of-court statement was made, rather than about the truth of the statement, the testimony is not hearsay (MRE 801[c]).

3. CRIMINAL LAW — JURY TRIALS — DEFENDANTS' ATTIRE.

The Court of Appeals reviews only for an abuse of discretion a trial court's decision to grant or deny a recess to allow a defendant to obtain civilian clothing before appearing for a jury trial if the trial court has observed the defendant's attire and has concluded that it is not prison garb.

4. CRIMINAL LAW — JOINT TRIALS — SEVERANCE.

A request for severance of joint trials should be granted by a trial court where the defenses or the confessions of the codefendants are antagonistic (MCL 768.5; MSA 28.1028).

5. CRIMINAL LAW — INEFFECTIVE ASSISTANCE OF COUNSEL.

A defendant establishes ineffective assistance of counsel by showing that counsel's performance was deficient and that, under an objective standard of reasonableness, counsel made an error so serious that counsel was not functioning as an attorney as guaranteed by the Sixth Amendment (US Const, Am VI).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Janice M. Joyce Bartee,* Assistant Prosecuting Attorney, for the people.

*Charles Burke,* for Thomas Harris on appeal.

*Stone & Richardson, P.C.* (by *Ralph H. Richardson*), for Tim Jackson.

Before: McDONALD, P.J., and CORRIGAN and M. WARSHAWSKY,* JJ.

PER CURIAM. Each of the defendants was convicted after a joint jury trial of one count of first-degree murder, MCL 750.316; MSA 28.548, and sentenced to life imprisonment. Harris was also convicted of one count of possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2), and sentenced to two years' imprisonment for that conviction. Harris appeals his convictions as of right. Jackson appeals by leave granted on order of the Supreme Court. 439 Mich 869 (1991). The appeals were consolidated. We affirm both convictions.

Jackson was offered $10,000 by an Arabic man known as "Ray" to kill another Arabic male, Jihad. Jackson asked Harris to join him. Together, the defendants approached a group of men, including Jihad. Harris shot Jihad in the head with a .38 caliber revolver. Both men escaped. Neither could be identified by any of the eyewitnesses. Both were later arrested and both made inculpatory statements to the police. Neither moved to suppress his statement and both statements, redacted to replace references to the other defendant with the word "blank," were introduced at trial.

Each defendant argues that the admission of his codefendant's statement was error requiring reversal. We disagree.

Defendants rely primarily on *People v Banks,* 438 Mich 408; 475 NW2d 769 (1991), decided after their trial. In *Banks,* the Supreme Court examined the effect of admitting the redacted statement of a

---

* Circuit judge, sitting on the Court of Appeals by assignment.

nontestifying codefendant and concluded that it might sometimes constitute error requiring reversal. *Id.* at 420-421. The Court stressed, however, that each case requires separate analysis. *Id.* at 421.

A violation of *Bruton v United States,* 391 US 123; 88 S Ct 1620; 20 L Ed 2d 476 (1968), does not automatically require reversal of a defendant's conviction. *Banks* at 427. If evidence properly admitted against the defendant is strong and the prejudicial effect of the codefendant's admission is insignificant in comparison, the admission is harmless. Here, each defendant's confession was properly admitted against him. In each case, even if the codefendant's statement had never been admitted, sufficient evidence would have justified conviction. Further, the jury did consider the statements only against their makers, because it convicted only Harris of felony-firearm even though Harris' statement implicates Jackson in the use of the gun before the shooting: "Blank had the gun. Blank showed me the gun. Blank gave me the gun and I went and hid it in the garage."

The court's cautionary instruction was sufficient. There was no *Bruton* problem.[1]

### PEOPLE v HARRIS (DOCKET NO. 130529)

Defendant Harris first argues that the court erred in allowing into evidence certain allegedly hearsay statements. We disagree. MRE 801(c) defines "hearsay" as "a statement, other than the one made by the declarant while testifying at the

---

[1] *People v Watkins,* 438 Mich 627; 475 NW2d 727 (1991), is inapplicable. This is not a case in which a codefendant's confession was admitted as substantive evidence against the defendant. See *People v Petros,* 198 Mich App 401; 499 NW2d 784 (1993), lv pending. Neither did either defendant exculpate himself by shifting blame to the codefendant, the Court's prime concern in *Watkins.*

trial or hearing, offered in evidence to prove the truth of the matter asserted." Where a witness testifies that a statement was made, rather than about the truth of the statement itself, the testimony is not hearsay. See *People v Sanford*, 402 Mich 460, 491; 265 NW2d 1 (1978).

The disputed statement arose during the prosecution's redirect examination of Detective Clark, who had taken defendant's statement. In response to a question about what the witness had told defendant that caused defendant to change his statement, the witness said, "I told him that his partner had told and that Shari and Freddie had made statements also." This statement was not offered for the truth of the matter asserted. It was irrelevant whether "Shari" or "Freddie" had actually made statements to the police. What was important was the fact that the statements had been made. Because Detective Clark, the declarant, was testifying at the trial, his statement was not hearsay within the meaning of MRE 801(c). The court did not err in overruling defendant's objections.

Defendant next argues that he was denied a fair trial because the court would not permit a recess so that he could obtain civilian clothing. We disagree. A defendant's timely request to wear civilian clothing must be granted. *People v Lee*, 133 Mich App 299, 301; 349 NW2d 164 (1984), citing *Estelle v Williams*, 425 US 501; 96 S Ct 1691; 48 L Ed 2d 126 (1976); *People v Shaw*, 381 Mich 467; 164 NW2d 7 (1969). If the trial court observes the defendant's clothing and finds that it is not "prison garb," this Court will review only for abuse of discretion. Compare *People v Turner*, 144 Mich App 107, 111-112; 373 NW2d 255 (1985) (court did not note description but record indicated that the defendant was in jail clothing), and *Peo-*

*ple v Lee, supra* (trial court believed that the defendant's clothing would be recognized as jail garb), with *People v Woods,* 32 Mich App 358, 359; 188 NW2d 649 (1971) (trial court found that the defendant's attire resembled work clothes).

The court found that defendant's blue pants and shirt did not look like prison clothing. It described them as "like what teenagers, young people, are wearing now" and noted that defendant's clothing differed from prisoners' clothes that had been seen on jail visits. We defer to the trial court's opportunity to observe defendant and its finding that the clothes did not prejudicially mark defendant as a prisoner.

### *PEOPLE v JACKSON* (DOCKET NO. 146674)

Defendant Jackson asserts that the trial court erred in denying his motion for a separate trial. We disagree.

A court may decide whether two or more defendants "jointly indicted for any criminal offense" should be tried separately or together. MCL 768.5; MSA 28.1028. "The general rule is that a defendant does not have a right to a separate trial." *People v Hurst,* 396 Mich 1, 4; 238 NW2d 6 (1976). A strong policy favors joint trials in the interest of justice, judicial economy, and administration. A defendant does not have an absolute right to a separate trial. *People v Etheridge,* 196 Mich App 43, 52; 492 NW2d 490 (1992). Whether to hold separate trials is within the discretion of the trial court, and the court's decision will not be reversed on appeal absent an abuse of that discretion. *Id.* at 53.

When the offered defenses are "antagonistic," severance should be granted. See, e.g., *People v*

*Stanley Jackson,* 158 Mich App 544, 555; 405 NW2d 192 (1987). "A defense is deemed antagonistic when it appears that a codefendant may testify to exculpate himself and to incriminate the defendant." *Id.* The burden is on the accused to make an affirmative showing that a substantial right will be prejudiced in a joint trial. *Etheridge, supra* at 53. A conclusory statement of antagonistic defenses without affidavits defining the inconsistencies between them is insufficient. *Id.* A confession is not antagonistic for the purposes of determining whether to sever a trial where the confession of a codefendant incriminates both the codefendant and the defendant. *People v Chester Jackson,* 179 Mich App 344, 349; 445 NW2d 513 (1989), vacated on other grounds 437 Mich 866; 462 NW2d 587 (1991). See also *Stanley Jackson, supra* at 556 (when a confession incriminates codefendants and inculpates the defendant, it is not antagonistic).

The codefendants' confessions in this case were not antagonistic. Harris confessed to hiding the gun when it was obtained from "Ray," making a first attempt to commit the murder, hiding the gun again, retrieving the gun again, shooting the victim four times, running from the scene of the crime, and seeing the money that was paid to Jackson. Jackson confessed to being solicited and agreeing to commit the crime, seeing Harris shoot the victim and hearing five shots, running away from the scene, seeing Harris return the gun to "Ray," obtaining $2,000 from Ray's uncle, and sharing it with Jackson. Nothing in either defendant's confession can be construed as antagonistic to the other's defense. The trial court properly denied the motion for separate trials.

Jackson finally argues that he was denied the effective assistance of counsel because his trial

attorney did not ask for a *Walker* hearing.[2] Defendant claims that he was unable to understand his *Miranda* rights[3] because of his low level of education. We do not agree. The standard of review of claims of ineffective assistance of counsel appears in *Strickland v Washington,* 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984). To establish a claim of ineffective assistance of counsel, the defendant must show that counsel's performance was deficient and that, under an objective standard of reasonableness, counsel made an error so serious that counsel was not functioning as an attorney as guaranteed under the Sixth Amendment.

Where a defendant fails to request an evidentiary hearing, *People v Ginther,* 390 Mich 436, 443; 212 NW2d 922 (1973), our review is limited to the record. On this record, counsel was not ineffective. The detective who had taken defendant's statement indicated that defendant had read the typed statement and made two changes in it. Defendant also responded "Yes" when the detective asked whether he understood his rights. The detective described defendant as "rational and coherent" at the time the statement was taken. We have no record evidence to support defendant's claim that his limited education and mental deficiencies affected the voluntariness of his confession.

Docket No. 130529, affirmed.

Docket No. 146674, affirmed.

[2] *People v Walker (On Rehearing),* 374 Mich 331; 132 NW2d 87 (1965).

[3] *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).