# Order

Michigan Supreme Court
Lansing, Michigan

December 13, 2013

147166

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

JOSEPH ALAN BIGELOW,
      Defendant-Appellant.

_____/

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano,
Justices

SC: 147166
COA: 305758
Wayne CC: 11-002505-FC

On order of the Court, the application for leave to appeal the April 4, 2013 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court. Even if the trial court erred by denying the defendant's request to change into civilian clothes on the first day of trial, we conclude that this error was harmless beyond a reasonable doubt.

VIVIANO, J. (*concurring*).

I agree with the Court's decision to deny leave to appeal. I write separately to state that in my view, the trial court committed error, albeit harmless, by denying defendant's request to change into civilian clothing.

Before defendant's court appearance, defendant's mother brought civilian clothing to the jail for inspection. Jail officials refused to accept the clothing, saying that it had to be brought to court for defendant's trial. Defense counsel then brought the clothes to court, objected to defendant appearing before the jury in jail attire, and asked that defendant be allowed to change prior to appearing before the jury. The trial court denied the request, noting that "any jail markings have been turned inside out," and then commenced the trial. Defendant appeared before the jury for the first day of trial wearing "jail green" trousers turned inside out, jail-issue sandals, and a white T-shirt.

This Court has stated before that "[n]othing could more surely destroy the presumption of innocence and . . . the impartiality of the jury, than to force the defendant

to be tried in prison clothes." *People v Shaw*, 381 Mich 467, 480 (1969). This is because "the constant reminder of the accused's condition implicit in such distinctive, identifiable attire may affect a juror's judgment." *Estelle v Williams*, 425 US 501, 504-505; 96 S Ct 1691; 48 L Ed 2d 126 (1976). Accordingly, "a court has no discretion as to a criminal defendant's attire" under normal circumstances. *Shaw*, 381 Mich at 474. Rather, a "defendant's timely request to wear civilian clothing *must* be granted." *People v Harris*, 201 Mich App 147, 151 (1993) (emphasis added). However, the Court of Appeals has held that a trial court may deny the defendant's request if it finds that the inmate's attire does "not look like prison clothing." *Id.* at 152; accord *People v Woods*, 32 Mich App 358, 359 (1971) (noting that defendant's request was untimely and that the trial court found that his prison attire resembled "work clothes").

It appears that defendant made a timely request to change into civilian clothes, which the trial court denied. Although the court noted that all jail markings had been hidden from view, it did not make a finding that defendant's clothing resembled ordinary civilian attire and was not recognizable as jail attire. Absent such a finding, I believe that the trial court erred by denying defendant's request to change into civilian clothes. As noted, requiring a defendant to appear before the jury in jail attire undermines the presumption of innocence and the impartiality of the jury. See *Shaw*, 381 Mich at 480. Therefore, although the strong evidence introduced at trial rendered the error harmless beyond a reasonable doubt, I still believe this Court should state unequivocally that the trial court committed constitutional error by denying defendant's request.

MCCORMACK, J., joins the statement of VIVIANO, J.

CAVANAGH, J., would grant leave to appeal.





I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 13, 2013

Clerk

d1210