*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellant,

v

HENRY TRAVIS WILLS III,

Defendant-Appellee.

FOR PUBLICATION
April 16, 2026
10:12 AM

No. 378071
Genesee Circuit Court
LC No. 2024-054426-FC

Before: TREBILCOCK, P.J., and BOONSTRA and LETICA, JJ.

BOONSTRA J.

The prosecution appeals by leave granted[1] the Genesee Circuit Court's order granting defendant's motion to compel a witness to wear jail attire when he testifies at trial. We vacate the trial court's order and remand for further proceedings.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

In November 2024, defendant was bound over on charges of assault with intent to murder, MCL 750.83, assaulting and resisting a police officer causing serious impairment, MCL 750.81d(3), malicious destruction of personal property, MCL 750.377a(1)(a)(*i*), unlawfully driving away a motor vehicle, MCL 750.413, assault with a dangerous weapon, MCL 750.82, assaulting and resisting a police officer, MCL 750.81d(1), and domestic violence, MCL 750.81(2). The charges arose from allegations that defendant attacked former Flint police officer Joshua McKinley when McKinley responded to a call that reported defendant for a domestic assault.

---

[1] *People v Wills*, unpublished order of the Court of Appeals, entered November 26, 2025 (Docket No. 378071).

While defendant's case was pending, McKinley was arrested on unrelated charges and incarcerated in the Livingston County Jail.[2] When defendant learned that the prosecution intended to call McKinley as a witness and had made arrangements with jail administrators to present McKinley in civilian clothing during defendant's trial, he filed a motion requesting that the trial court require McKinley to wear jail attire during his trial testimony. The prosecution filed a motion in limine to exclude evidence about McKinley's pending charge. At a hearing held on November 3, 2025, the trial court granted both motions. The prosecution filed an emergency application for an interlocutory appeal of the trial court's order requiring McKinley to wear jail attire at trial. This Court entered orders staying the proceedings in the trial court[3] and granting the prosecution's application for leave to appeal.

In March 2026, the prosecution filed a motion to alert this Court of a change in circumstances. The prosecution represented that McKinley had been released from jail and was no longer incarcerated.[4] However, the prosecution represented that another anticipated witness had also been incarcerated and was "expected to remain incarcerated at least until after the time of the trial." The prosecution therefore requested that this Court determine that the issue on appeal is not moot and to continue to consider this appeal.[5]

---

[2] McKinley was charged with an unrelated, misdemeanor child-abuse offense. He was released on bond but later jailed after a bond violation. At least as of the time that the trial court entered its order compelling him to wear jail attire, he had not yet been convicted of a crime.

[3] *People v Wills*, unpublished order of the Court of Appeals, entered November 4, 2025 (Docket No. 378071).

[4] Defendant has not responded to the prosecution's motion.

[5] The prosecution based its request on its anticipation that the trial court will employ the same reasoning to also compel the other incarcerated witness to testify in jail attire, and because the trial court is likely to issue similar orders in other cases. But our review is limited to the issues raised in the application for leave to appeal. MCR 7.205(E)(4). The issue raised in the application was limited to the propriety of the trial court's order requiring that McKinley appear in jail attire at trial. Moreover, we do not decide hypothetical issues that may arise in either this or other cases. *Baynesan v Wayne State Univ*, 316 Mich App 643, 650; 894 NW2d 102 (2016). The lower-court proceedings in this case are stayed, no party has made any request regarding the other witness's attire, and the trial court has not made any ruling on the matter. Without the issue being raised and decided in the trial court, properly raised on appeal, and the circumstances (which may or may not be similar to the circumstances currently before us) properly presented to us, we decline to consider it in the context of the current appeal.

## II. THE ORDER APPEALED

At the November 3, 2025 hearing, the trial court ruled that it would require McKinley to appear in jail attire at trial, thereby effectively ruling that it would grant defendant's motion.[6] The trial court set forth its reasons on the record as follows:

> The Court has reviewed the case and did some research on its own. I believe, the Court believes that the witnesses—we would certainly be turning years of legal practice on its ear if we began dressing in-custody witnesses in the civilian garb. Certainly, in the Court's practice history, I have never seen that done.
>
> And if the Court were to make an exception for someone who was a former police officer, that would certainly bolster the witness and I believe that may be a problem for the Court of Appeals. For that reason, I'm denying that motion.
>
> We take our witnesses as they are and, more often than not, the Court has seen and the jury has seen witnesses who are in custody and in jail or even prison garb who offer testimony and we take all of the requisite questions and instructions to the jury as to what to do with that information.

The trial court then heard argument on the prosecution's motion in limine to exclude evidence about McKinley's pending charge. The court effectively ruled that it would grant the prosecution's motion,[7] finding that the prosecution would be prejudiced by the admission of that evidence and that it was inadmissible under MRE 404(b).

Following the trial court's ruling, the prosecution moved the trial court for a stay of proceedings, and the trial court denied that motion. While doing so, the trial court elaborated on its ruling related to McKinley's attire, noting that witnesses do not have a presumption of innocence and that it is for the parties to present credibility arguments to bolster or impeach credibility. The trial court reasoned:

> The Court looks to, for guidance, the case of *Torrez v McKee*. This is out of the United States District Court, Western Division—Southern Division. Excuse me. That's case number 601 F.Supp.2d 920 (2009) case.[8]

---

[6] The hearing transcript reflects that the trial court stated, "I don't feel I have enough at this time to grant your motion." However, the totality of the trial court's ruling reflects that it was actually granting defendant's motion.

[7] Again, the trial court's ruling is less than clear, as the transcript reflects that the trial court indicated that it "would deny that at this time."

[8] Decisions from federal district courts are nonbinding but may be considered for their persuasive value, if any. *Dobronski v Transamerica Life Ins Co*, 347 Mich App 92, 102; 13 NW3d 895 (2023). In *Torrez*, the defendant filed a petition for habeas corpus. The United States District Judge approved the Report and Recommendation of the United States Magistrate Judge, who

The court states specifically that the Supreme Court has long recognized that due process bars a defendant being compelled to stand trial in jail garb if the defendant has made a timely objection, and that is pursuant to *Estelle v Williams*, 425 US 501, 96 S.Ct. 1691; 48 L.Ed 2d 126 [(1976)]. That's a 1976 case.

However, the court further ruled that the presumption that—well, that due process bars that defendant being compelled to stand trial. However, that presumption is inapplicable to a situation involving a defense witness.

Defendants are not entitled to the presumption that their witnesses are innocent, and that is, accordingly, the Supreme Court has never established a constitutional right barring defense witnesses from testifying in prison garb or shackles. This is a case in which petitioner was denied relief by the court because there was a witness who testified in prison garb.

This is a situation in which the state witness is the witness who would be clad in prison attire. However, the Court can presume, based on the ruling in *McKee*, that what is good for the goose is also good for the gander.

There is no particular right, and the prejudice applies to the defendant, not to the—to any testifying witnesses. They are not presumed to be innocent or guilty. They are presumed to be who they are, and it is a credibility argument for the parties to bolster or impeach.

Based on that, the Court does not find that there is sufficient grounds to stay the matter, and the Court will deny the motion to stay and proceed to trial on the date.

The trial court then entered its November 3, 2025 order, which is the subject of this appeal. The order states, in relevant part:

NOW THEREFORE, IT IS ORDERED that Defendant's Request That Joshua Mckinley Is to Wear Jail Attire During Trial Testimony is GRANTED for the reasons set forth on the record.

## III. MOOTNESS

"Issues involving mootness are questions of law that are reviewed de novo." *Adams v Parole Bd*, 340 Mich App 251, 259; 985 NW2d 881 (2022). "The question of mootness is a

---

recommended denying the habeas petition and who opined, in part, that "[u]nlike the state court, on habeas review, this Court looks solely to the question whether the [United States] Supreme Court has determined that Petitioner a [sic] clearly established right under the federal Constitution to have his witnesses appear at trial unshackled and in civilian attire." *Torrez v McKee*, 601 F Supp 920, 948 (WD Mich, 2009).

-4-

threshold issue that a court must address before it reaches the substantive issues of a case." *In re Tchakarova*, 328 Mich App 172, 178; 936 NW2d 863 (2019). "Mootness occurs when an event has occurred that renders it impossible for the court to grant relief. An issue is also moot when a judgment, if entered, cannot for any reason have a practical legal effect on the existing controversy." *Adams*, 340 Mich App at 259 (quotation marks and citation omitted). Even if an issue is moot, this Court may nonetheless address the issue if it "is publicly significant, likely to recur, and yet likely to evade judicial review." *Id*. (quotation marks and citation omitted).

We conclude that the issue before us is not moot. Apart from the prosecution's representation, there is nothing in the record to indicate whether McKinley is currently incarcerated. Nor is there anything in the record from which we might discern whether McKinley (if not currently incarcerated) might become reincarcerated by the time of trial. Moreover, we in any event find this issue to be one of public significance, and one that is likely to recur yet evade judicial review. And if McKinley indeed is not incarcerated (or will not be incarcerated at the time of trial), then the trial court's order, on its face, and even if unintentionally under the circumstances,[9] ostensibly requires a civilian (whom the prosecution represents is not incarcerated) to don jail attire at trial. In that event, the matter is also not moot because our judgment will still have a practical effect on the existing controversy: it will determine whether McKinley can be forced to don jail attire when he is not an inmate.

## IV. ANALYSIS

"[I]t is well-established that trial courts have long had the inherent authority to control their courtrooms, which includes the authority to control the mode and order by which witnesses are interrogated." *People v Johnson*, 315 Mich App 163, 177; 889 NW2d 513 (2016) (quotation marks and citation omitted). "[A] trial court has broad discretion in controlling the course of a trial." *People v Banks*, 249 Mich App 247, 256; 642 NW2d 351 (2002). Its decision regarding a witness's appearance is reviewed for an abuse of discretion. *Id*. at 257 (involving a decision to shackle or handcuff a witness). See also *People v Perez*, unpublished opinion of the Court of Appeals, issued February 11, 2021 (Docket No. 350037), p 3 (reviewing a trial court's decision to allow an incarcerated witness to appear in civilian clothes for an abuse of discretion).[10]

But a trial court's authority in that regard is not without limitation. It is well-settled that a defendant is generally "entitled to wear civilian clothes rather than prison clothing at his trial." *People v Shaw*, 381 Mich 467, 474; 164 NW2d 7 (1969) (quotation marks and citation omitted). A trial court may not deny an incarcerated defendant's request to wear civilian clothes because "the constant reminder of the accused's condition implicit in such distinctive, identifiable [jail] attire may affect a juror's judgment." *Estelle*, 425 US at 504-505. This rule regarding defendants is rooted in the presumption of innocence; that is, "an accused should not be compelled to go to

---

[9] The trial court's order presumably was premised on the assumption that McKinley would be incarcerated at the time of defendant's trial, which was originally scheduled to occur just two days after the date of the order.

[10] Unpublished opinions are not binding on this Court, but they may be considered for their instructive or persuasive value. *Cox v Hartman*, 322 Mich App 292, 307; 911 NW2d 219 (2017).

-5-

trial in prison or jail clothing because of the possible impairment of the presumption so basic to the adversary system." *Id.*at 504. For this reason, "[a] defendant's timely request to wear civilian clothing must be granted." *People v Harris*, 201 Mich App 147, 151; 505 NW2d 889 (1993).

In comparison, issues related to a nondefendant witness's appearance do not directly affect the presumption of innocence, and thus issues involving a nondefendant witness's appearance do not necessarily raise constitutional concerns. See *Banks*, 249 Mich App at 259. Nonetheless, issues related to a witness's appearance at trial may have a significant impact on a witness's credibility and may undermine the fairness of trial. See *id.* at 259-260. *Banks* did not involve jail clothing; instead, the issue in *Banks* related to handcuffing and shackling of a defense witness. In that context, this Court observed: "While a defendant's case may be properly attacked by challenging the credibility of the defendant's witnesses, absent a showing that the circumstances require handcuffing a defense witness, the fairness of the trial must not be undermined by destroying the credibility of a witness before the witness even gets the opportunity to testify." *Id.* at 260. Reversal was therefore required because it was "more probable than not that the erroneous shackling was . . . outcome determinative." *Id.*

The *Banks* Court also held that "the propriety of handcuffing or shackling a testifying witness is subject to the same analysis as that for defendants," *without* distinguishing between defense and prosecution witnesses. *Id.* at 257. See also *Illinois v Allen*, 397 US 337, 344; 90 S Ct 1057; 25 L Ed 2d 353 (1970) (explaining that the use of shackles and gags "is itself something of an affront to the very dignity and decorum of judicial proceedings"). Relying on persuasive authority from other jurisdictions, this Court held:

> The question of a trial court's authority to handcuff or shackle a witness other than a defendant has not been addressed in Michigan. Most courts, however, use the same standard of review for placing physical restraints on witnesses as they do for restraints on defendants. We agree with the reasoning set forth in this line of cases. Accordingly, we hold that in Michigan the propriety of handcuffing or shackling a testifying witness is subject to the same analysis as that for defendants, i.e., the handcuffing or shackling of a witness during trial should be permitted only to prevent the escape of the witness, to prevent the witness from injuring others in the courtroom, or to maintain an orderly trial. [*Banks*, 249 Mich App at 256-257.]

However, the security concerns that would justify physically restraining a witness do not justify compelling the witness to wear jail attire. *Estelle*, 425 US at 505. Mandatory jail attire "furthers no essential state policy. That it may be more convenient for jail administrators, a factor quite unlike the substantial need to impose physical restrains upon contumacious defendants, provides no justification for the practice." *Id.* And persuasive authority suggests that, as a general rule, "courts should not compel incarcerated witnesses to appear at trial in the distinctive attire of a prisoner." 21A Am Jur 2d, Criminal Law § 922. See also 2 Wharton's Criminal Evidence § 10:11 (15th ed.). Indeed, "[t]he overwhelming majority of jurisdictions hold that an incarcerated witness should not be compelled to testify in prison clothing." *Hightower v State*, 123 Nev 55, 58; 154 P3d 639 (2007).

As with shackling a witness, requiring a witness to appear in jail attire raises concerns that the jail clothes will undermine the witness's credibility and taint the fact-finding process. *Id*. at 54; *People v Knight*, 167 P3d 147, 154 (Colo App, 2006). See also *Perez*, unpub op at 3 (concluding that the trial court did not abuse its by determining that "it 'would only be fair' to allow the complainant to wear civilian clothes since defendant would also be in civilian clothes"). In other jurisdictions, in the exercise of their discretion, on a case-by-case basis, courts consider the unnecessary prejudice created by jail clothing as weighed against any other applicable concerns, such as security issues or an inmate's refusal to change clothes. See *State v Kuchera*, 198 NJ 482, 501; 969 A2d 1052 (2009); *Knight*, 167 P3d at 154. While it may convenience jail administrators for witnesses to remain dressed in jail clothes, the convenience of jail administrators does not justify having a witness appear in jail clothes. *State v Artwell*, 177 NJ 526, 539; 832 A2d 295 (2003). If it is determined that a witness should wear jail clothes during trial, the jury may be instructed not to consider the witness's attire. *State v Allah Jamaal W*, 209 W Va 1, 7; 543 SE2d 282 (2000). Most often, these cases involving witnesses and jail clothes involve defense witnesses, but courts have also concluded that these principles apply to prosecution witnesses. See *Kuchera*, 198 NJ at 500-501 ("[A]s a general rule, the corrections authorities should supply defense and prosecution witnesses with civilian clothing and those witnesses should enter the courtroom in such attire.") (quotation marks, citation, and brackets omitted).

That witnesses should not be made to appear in jail attire is consistent with the general principle that criminal charges against a witness, when those charges have not resulted in a conviction, cannot be used to impeach the witnesses, unless the charges provide evidence of bias or prejudice. See *People v Yarbrough*, 183 Mich App 163, 165; 454 NW2d 419 (1990). Indeed, even criminal convictions can only be used to impeach a witness when the crime contains an element of dishonesty or theft. See MRE 609(a). Yet, while such evidence cannot be admitted, forcing a witness to appear in jail attire similarly injects irrelevant information that undermines witness credibility and taints the fact-finding process. Prejudice may be reduced if it is otherwise presented to the jury that a witness is in jail or has criminal convictions, as then there would generally be minimal harm in a witness also appearing in jail attire. See *Hightower*, 123 Nev at 60; see also *People v Froehlig*, 1 Cal App 4th 260, 266; 1 Cal Rptr 2d 858 (1991) (concluding that appearance of a defense witness in "civilian clothes would have been of scant benefit to the defense, since he was impeached with evidence of a prior felony conviction").

We further note that whether a decision to compel a witness to wear jail attire prejudiced the prosecution or the defendant may depend on the role that the witness's testimony plays in the trial. If the testimony is "crucial," meaning that the "[d]efendant's liberty depended, in large part, on the jury's evaluation of the credibility of the witnesses who appeared before it," then there is a greater risk of prejudice. *Banks*, 249 Mich App 247. On the other hand, prejudice is less likely if there is additional "physical evidence or testimony by uncompromised witnesses" that would corroborate the incarcerated witness's testimony. *Id*. at 261.

In this case, the trial court concluded that McKinley should appear in jail attire because that was its perception of the historical practice in Genesee Circuit Court and because witnesses are not entitled to a presumption of innocence. Regardless of whether the trial court's perception is accurate (which the prosecution disputes), the trial court failed to identify any security concerns or other sound basis for requiring McKinley to wear jail attire. In focusing on the presumption of innocence and whether McKinley's clothing affected the presumption of innocence, the trial court

also ignored the credibility concerns involved with requiring a witness to appear in jail attire. As the trial court's ruling under MRE 404(b) supports, McKinley's pending criminal charges have no relevance to the current case. But forcing McKinley to appear in jail clothes could undermine his credibility by alerting the jury that he is in jail, suggesting either pending charges or a criminal conviction. Indeed, in this case in particular, the lawfulness of McKinley's conduct as a police officer is an element of the charges for assaulting and resisting a police officer, see *People v Quinn*, 305 Mich App 484, 494; 853 NW2d 383 (2014), and McKinley's jail clothes could lead the jury to believe that McKinley is not someone who acts lawfully. While defendant will be free to properly attack McKinley's credibility at trial, the fairness of the trial should not be undermined "by destroying the credibility of a witness before the witness even gets the opportunity to testify." *Banks*, 249 Mich App at 260.

## V. CONCLUSION

For these reasons, we conclude that, on the facts of this case, and regardless of whether McKinley is currently incarcerated, the trial court abused its discretion by requiring McKinley to wear jail attire while testifying at trial. And if, as the prosecution represents, McKinley is no longer incarcerated, then the trial court's order should no longer apply to him for that reason as well.

Vacated and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Mark T. Boonstra
/s/ Christopher M. Trebilcock
/s/ Anica Letica